■ PENNSY CORP., Appellant, v Z & S REALTY Co. et al., Respondents, et al., Defendants. [684 NYS2d 558] —In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated April 3, 1997, as denied that branch of its motion which was for leave to enter a deficiency judgment against the defendants Z & S Realty Co. and Jamko Apartments, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against the defendants Z & S Realty Co. and Jamko Apartments, Inc., is granted, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate judgment.

The plaintiff held a mortgage on real property owned by the defendants Z & S Realty Co. and Jamko Apartments, Inc. (hereinafter the respondents). When the respondents defaulted on their mortgage payments the plaintiff was granted a judgment of foreclosure.

Following the plaintiff's purchase of the subject real property at the foreclosure sale, it moved to confirm the Referee's report of sale and for leave to enter a deficiency judgment against the

respondents. The plaintiff personally served the respondents with its motion papers within 90 days after the Referee delivered the deed to the plaintiff, as required by RPAPL 1371. However, although the plaintiff attempted to file its motion papers with the Supreme Court, the papers were rejected by the Clerk since they had not been submitted within the required number of days before the return date of the motion. Thereafter, the plaintiff served new motion papers on the defendants by mail which papers were filed with the court. The affidavit of service attached to these new papers, however, did not specify the date on which they were served.

We agree with the plaintiff's contention that its failure to serve its new motion papers in strict compliance with RPAPL 1371 did not, under the circumstances of this case, require the denial of its motion (*see, Roosevelt Sav. Bank v Tsotsos,* 215 AD2d 547). The defendants had timely notice of the plaintiff's claim and RPAPL 1371 "was not designed to provide loopholes to a mortgagor to escape an obligation assumed by him" (*Catholic Women's Benevolent Legion v Burke,* 253 App Div 261, 264). Pizzuto, J. P., Joy, Goldstein and Luciano, JJ., concur.