■ KWAISI McCORVEY et al., Appellants, v MICHAEL SCHOULDER et al., Respondents. [709 NYS2d 442] —In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 20, 1999, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither of them sustained a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court, dated July 15, 1999, which denied their motion, in effect, for leave to reargue the prior motion.

Ordered that the appeal from the order dated July 15, 1999, is dismissed; and it is further,

Ordered that the order dated January 20, 1999, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

Since the plaintiffs' motion, denominated as one for renewal and reargument, was not based upon new evidence which was unavailable at the time of the original motion, it was actually a motion for reargument (*see, Citibank v Olson,* 204 AD2d 381; *Chiarella v Quitoni,* 178 AD2d 502). The appeal from the order denying that motion must therefore be dismissed, as no appeal lies from an order denying reargument (*see, Schumer v Levine,* 208 AD2d 605; *DeFreitas v Board of Educ.,* 129 AD2d 672).

As to the appeal from the order granting the defendants' motion for summary judgment dismissing the complaint, the defendants met their initial burden of establishing that neither

of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d). Thus, it was incumbent upon the plaintiffs to come forward with admissible evidence sufficient to create a triable issue of fact (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957). The plaintiffs failed to do so (*see, Smith v Askew,* 264 AD2d 834; *Lincoln v Johnson,* 225 AD2d 593; *Giannakis v Paschilidou,* 212 AD2d 502, 503; *Antoniou v Duff,* 204 AD2d 670; *Grossman v Wright,* 268 AD2d 79). O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.