■ ROCKY GARIERI, Appellant, v INTERNATIONAL BUSINESS MACHINES CORP. et al., Defendants and Third-Party Plaintiffs-Respondents. TUCKAHOE METAL & ROOFING, INC., Third-Party Defendant-Respondent. [713 NYS2d 492] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered August 23, 1999, as denied his motion for partial summary judgment on the issue of liability on the cause of action to recover damages under Labor Law § 240 (1), and (2) so much of an order of the same court, entered December 1, 1999, as, in effect, upon granting reargument, adhered to the original determination.

Ordered that the appeal from the order entered August 23, 1999, is dismissed, as that order was superseded by the order entered December 1, 1999, made upon reargument; and it is further,

Ordered that the order entered December 1, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Supreme Court properly denied the plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). Questions of fact exist as to whether a ladder provided proper protection to the plaintiff (*see, Bland v Manocherian,* 66 NY2d 452; *Rice v PCM Dev. Agency Co.,* 230 AD2d 898), and whether the plaintiff's actions were the sole proximate cause of the accident (*see, Weininger v Hagedorn & Co.,* 91 NY2d 958; *Tweedy v Roman Catholic Church of Our Lady of Victory,* 232 AD2d 630).

The plaintiff's motion, denominated as one for renewal and reargument, was not based upon new evidence which was unavailable at the time of the original motion. Therefore, the motion was actually a motion for reargument (*see, McCorvey v Schoulder,* 273 AD2d 207; *Knutson v Sand,* 249 AD2d 451). As the Supreme Court reviewed the merits of the plaintiff's arguments, the court, in effect, granted reargument and then adhered to its original determination, and therefore, the order made upon reargument is appealable (*see, Raso v Raso,* 237 AD2d 342; *U-Eat-More Donut Corp. v Tedel Estates,* 237 AD2d 347, 348). O'Brien, J. P., Thompson, Altman and Friedmann, JJ., concur.