■ RTC MORTGAGE TRUST 1995-S/N1, Respondent, v R&C GENERAL CONTRACTORS CORP. et al., Appellants, et al., Defendants. REED GROSSMAN, Nonparty Respondent. [749 NYS2d 741] —In an action to foreclose a mortgage, the defendants R&C General Contractors Corp., Carmine Gargano, and Rose Gargano appeal from an order of the Supreme Court, Kings County (Pincus, J.), dated September 27, 2000, which denied their motion, inter alia, to vacate two prior orders of the same court dated December 11, 1997, and October 12, 1999, which, upon their default, discharged the original receiver and the successor receiver, respectively.

■ RTC MORTGAGE TRUST 1995-S/N1, Respondent, v R&C GENERAL CONTRACTORS CORP. et al., Appellants-Respondents, et al., Defendants. BERNARD M. ALTER, Nonparty Respondent-Appellant. [749 NYS2d 742] —In an action to foreclose a mortgage, the defendants R&C General Contractors Corp., Carmine Gargano, and Rose Gargano appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Kings County (Jackson, J.), dated January 29, 2001, which, inter alia, upon an order of the same court dated October 21, 1999, granting the plaintiff's motion for a deficiency judgment, awarded the plaintiff a deficiency judgment in the principal sum of $170,243.81 and directed that the receiver's account be resettled, and the receiver, Bernard M. Alter, cross-appeals, as limited by his brief, from so much of the same judgment as approved the resettlement of his account by the Judicial Hearing Officer.

Ordered that the judgment is modified, on the law, by deleting the first and second decretal paragraphs thereof, inter alia, awarding the plaintiff a deficiency judgment in the principal sum of $170,243.81; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants R&C General Contractors Corp., Carmine Gargano, and Rose Gargano, payable by the plaintiff, and the order dated October 21, 1999, is modified accordingly.

After the defendants R&C General Contractors Corp., Carmine Gargano, and Rose Gargano (hereinafter the appellants) denied that they were properly served with the plaintiff's motion for a deficiency judgment, the plaintiff failed to present sufficient proof to show either that there was timely service, or that the appellants received notice of the motion for a deficiency judgment within 90 days of the consummation of the sale (*see* RPAPL 1371 [2]). Accordingly, the plaintiff's motion for a deficiency judgment should have been denied (*see D'Ambra v Haynor,* 293 AD2d 858, 859; *First Nationwide Bank v Pegasus Agency,* 253 AD2d 536; *cf. Pennsy Corp. v Z & S Realty Co.,* 256 AD2d 561; *Rox Riv. 83 Partners v Ettinger,* 276 AD2d 782).

The respondent-appellant's contentions are without merit.

In light of this determination, we need not reach the appellants' remaining contentions. Florio, J.P., Friedmann, Adams and Crane, JJ., concur.