■ MAUREEN McNAMARA, Appellant, v ROCKLAND COUNTY PATROLMEN'S BENEVOLENT ASSOCIATION, INC., Defendant and Third-Party Plaintiff-Respondent. JAMES LYSAGHT et al., Third-Party Defendants. [754 NYS2d 900] —In an action, inter alia, to recover damages for breach of a retainer agreement, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Rockland County (O'Rourke, J.), dated November 16, 2001, as, in effect, upon granting reargument, adhered to its prior determination in an order dated August 3, 2001, granting the defendant's motion pursuant to CPLR 3126 to dismiss the complaint, and (2) from an order of the same court, dated August 3, 2001.

Ordered that the appeal from the order dated August 3, 2001, is dismissed as abandoned; and it is further,

Ordered that the order dated November 16, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff's motion, denominated as one for renewal and

reargument, was not based upon new evidence that was unavailable at the time of the original motion (*see* CPLR 2221 [e]; *Cong. Bais Rabbenu v 26 Adar N.B. Corp.,* 282 AD2d 642). Therefore, the motion was actually one for reargument (*see McCorvey v Schoulder,* 273 AD2d 207). As the Supreme Court reviewed the merits of the plaintiff's arguments, the court, in effect, granted reargument and adhered to its original determination. Therefore, the order made upon reargument is appealable (*see Garieri v International Bus. Machs. Corp.,* 275 AD2d 730).

The plaintiff failed to demonstrate that the court misapprehended any of the relevant facts that were before it or misapplied any controlling principle of law (*see Pro Brokerage v Home Ins. Co.,* 99 AD2d 971). Therefore, the court properly adhered to its prior determination granting the defendant's motion pursuant to CPLR 3126 to dismiss the complaint. The plaintiff clearly disobeyed the court's conditional order, and, by her willful conduct, frustrated disclosure (*see Cronin v Perry,* 269 AD2d 351; *Arcuri & Sons v Alfonsi,* 242 AD2d 313). Florio, J.P., Feuerstein, Friedmann and Rivera, JJ., concur.