■ Nekadam Boboyev et al., Appellants, v Marcia Gomez, Respondent, et al., Defendant. [757 NYS2d 469] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated May 7, 2002, which, upon reargument, adhered to its prior determination in an order dated February 15, 2002, granting the motion of the defendant Marcia Gomez for summary judgment dismissing the complaint on the ground that

none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The plaintiffs' motion, denominated as one for renewal and reargument, was not based upon new evidence that was unavailable at the time of the original motion (*see* CPLR 2221 [e]; *Cong. Bais Rabbenu v 26 Adar N.B. Corp.*, 282 AD2d 642 [2001]), and the plaintiffs did not offer a reasonable excuse for their failure to submit the physicians' affirmations in opposition to the original motion (*see Holmes v Hanson*, 286 AD2d 750, 751-752 [2001]). Therefore, the Supreme Court properly treated the motion as one for reargument (*see McCorvey v Schoulder*, 273 AD2d 207 [2000]).

The plaintiffs failed to demonstrate that the Supreme Court misapprehended any of the relevant facts that were before it or misapplied any controlling principle of law (*see Pro Brokerage v Home Ins. Co.*, 99 AD2d 971 [1984]). Therefore, the court properly adhered to its prior determination granting the motion of the defendant Marcia Gomez for summary judgment dismissing the complaint. The medical evidence submitted by the plaintiffs in opposition to the defendants' prima facie showing that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]) was not in proper evidentiary form and thus did not raise a triable issue of fact (*see Grasso v Angerami*, 79 NY2d 813, 814 [1991]; *cf. Pagano v Kingsbury*, 182 AD2d 268, 271 [1992]). Santucci, J.P., Krausman, McGinity, Schmidt and Crane, JJ., concur.