■ Florence Calo et al., Plaintiffs, v Wal-Mart Stores, Inc., Respondent, and Property Maintenance, Inc., Appellant. [757 NYS2d 893] —In an action to recover damages for personal injuries, etc., the defendant Property Maintenance, Inc., appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated December 4, 2001, which granted the motion of the defendant Wal-Mart Stores, Inc., for leave to reargue that branch of the motion of the defendant Property Maintenance, Inc., which was for summary judgment dismissing the cross claim of the defendant Wal-Mart Stores, Inc., for contribution, which was determined by order of the same court, dated September 4, 2001, and, upon reargument, in effect, vacated so much of the prior order as granted that branch of that motion, and reinstated that cross claim.

Ordered that the order dated December 4, 2001, is reversed, on the law, with costs, the motion for leave to reargue is denied, and the order dated September 4, 2001, is reinstated.

The defendant Wal-Mart Stores, Inc. (hereinafter Wal-Mart), failed to demonstrate that the Supreme Court misapprehended any of the relevant facts that were before it or misapplied any controlling principle of law (*see McNamara v Rockland County Patrolmen's Benevolent Assn.,* 302 AD2d 435 [2003]). Therefore, Wal-Mart's motion for leave to reargue should have been denied.

In opposition to the prima facie demonstration of entitlement to judgment as a matter of law by the defendant Property Maintenance, Inc. (hereinafter Property Maintenance) on the cross claim, Wal-Mart failed to raise a triable issue of fact that Property Maintenance may be held liable for contribution on the underlying claim for damages arising from a trip and fall (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308 [1995]; *Sommer v Federal Signal Corp.,* 79 NY2d 540 [1992]; *Logan v Empire Blue Cross & Blue Shield,* 275 AD2d 187 [2000]; *Trustees of Columbia Univ. in City of N.Y. v Gwathmey Siegel & Assoc. Architects,* 192 AD2d 151 [1993]). Accordingly, the original determination dismissing Wal-Mart's cross claim seeking contribution was correct. Ritter, J.P., Luciano, Cozier and Rivera, JJ., concur.