■ SILVIA LIN, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [759 NYS2d 394] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 6, 2002, which denied her motion, in effect, for reargument of her prior motion for leave to serve an amended notice of claim upon, among others, the defendant New York City Transit Authority, and the prior cross motion of the defendant New York City Transit Authority to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against it, which were determined in an order of the same court dated November 15, 2001, and (2) a judgment of the same court, entered June 27, 2002, which, upon the order dated November 15, 2001, is in favor of the defendant New York City Transit Authority and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order dated June 6, 2002, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is reversed, on the facts and as a matter of discretion, with costs, the plaintiff's motion for leave to serve an amended notice of claim is granted, the cross motion of the defendant New York City Transit Authority is denied, the order dated November 15, 2001, is vacated, the complaint is reinstated insofar as asserted against the defendant New York City Transit Authority, and the plaintiff's time to serve an amended notice of claim is extended until 20 days after service upon her of a copy of this decision and order.

The plaintiff moved, pursuant to General Municipal Law § 50-e (6), for leave to serve an amended notice of claim upon the defendant New York City Transit Authority (hereinafter the Transit Authority) to correct the date of the accident stated in her original notice of claim. The Transit Authority cross-moved to dismiss the complaint pursuant to CPLR 3211 (a) (7). The Supreme Court denied the plaintiff's motion and granted the Transit Authority's cross motion. Thereafter, the plaintiff moved, in effect, for reargument, and the Supreme Court denied that motion.

A court has the discretion to grant an application for leave to serve an amended notice of claim where the error in the original notice of claim was made in good faith and where the public corporation has not been prejudiced thereby (*see* General Municipal Law § 50-e [6]). Here, the error was made in good faith. Furthermore, contrary to the Supreme Court's determination, the Transit Authority did not demonstrate any actual prejudice. Accordingly, under the facts of this case, the plaintiff's motion for leave to serve an amended notice of claim should have been granted (*see Matter of Berko v City of New York,* 302 AD2d 594 [ 2003]; *Formanek v New York City Hous. Auth.,* 197 AD2d 664 [1993]).

The plaintiff's further motion, although denominated as one for renewal and reargument, was not based on new facts which were unavailable at the time of the original motion (*see* CPLR 2221 [e]; *Cong. Bais Rabbenu v 26 Adar N.B. Corp.,* 282 AD2d 642 [2001]). Therefore, that motion was, in effect, one for leave to reargue (*see* CPLR 2221 [d]), the denial of which is not appealable (*see Tittman v Rappaport,* 287 AD2d 709 [2001]). Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.