■ CHAREST McNEIL, Respondent, v TREENA DIXON et al., Appellants. [780 NYS2d 635]—

In an action to recover damages for personal injuries, the de-

fendant Treena Dixon appeals, and the defendants Leonid Kurlat and Boris Knopp separately appeal, from an order of the Supreme Court, Kings County (Held, J.), dated May 30, 2003, which granted the plaintiff's motion, denominated as one for leave to renew and reargue, and treated as one for leave to renew, but which was, in actuality, one for leave to reargue the defendants' prior separate motions for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which had been granted in an order dated July 31, 2002, and thereupon vacated the order dated July 31, 2002, and denied their prior separate motions for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof vacating the order dated July 31, 2002, and denying the defendants' prior separate motions for summary judgment and substituting therefor a provision adhering to the order dated July 31, 2002; as so modified, the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

The Supreme Court improperly treated the plaintiff's motion as one for renewal, rather than reargument. The new affidavit submitted by the plaintiff's physician did not offer new facts which were unavailable at the time of the original motion (*see* CPLR 2221 [e]), but demonstrated that the Supreme Court had overlooked or misapprehended certain facts contained in his original affidavit (*see* CPLR 2221 [d]; *Lin v City of New York*, 305 AD2d 553 [2003]). The Supreme Court, in effect, granted reargument, since it reviewed the merits of the plaintiff's arguments (*see McNamara v Rockland County Patrolmen's Benevolent Assn.*, 302 AD2d 435 [2003]; *Garieri v International Bus. Machs. Corp.*, 275 AD2d 730 [2000]). Upon reargument, the Supreme Court should have adhered to its previous determination granting the defendants' separate motions to dismiss the complaint.

The defendants established prima facie that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) which was causally related to the accident that occurred on August 22, 1997 (*see Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition to their motions, the plaintiff failed to present evidence sufficient to raise a triable issue of fact as to whether his injuries were causally related to the accident on August 22, 1997 (hereinafter the August accident), rather than to an accident that occurred approximately seven months earlier, on January 10, 1997 (hereinafter the January accident).

In a personal injury action commenced by the plaintiff in Nassau County in connection with the January accident, the plaintiff alleged injuries to his cervical and lumbar spine which were similar to the injuries he claimed to have sustained in the August accident (*see Omar v Goodman*, 295 AD2d 413 [2002]). The Supreme Court issued an order in the Nassau County action determining that there was an issue of fact as to whether the plaintiff sustained a serious injury as a result of that accident. Therefore, in the case at bar, the plaintiff was required to present medical evidence that the August accident either caused new injuries or aggravated injuries sustained in the previous accident.

The same chiropractor treated the plaintiff after both accidents. However, no affidavit by that chiropractor was submitted comparing the injuries allegedly sustained in the August accident to those sustained in the January accident. The plaintiff instead relied on an affidavit by a physician who did not examine him until May 6, 1998, and there is no indication in the physician's affidavit that he reviewed the plaintiff's medical records concerning the plaintiff's condition immediately following the previous accident. The plaintiff also relied on magnetic resonance imaging (hereinafter MRI) tests which revealed herniated discs in his cervical and lumbar spine. However, as the tests were not performed until nearly one year after the August accident, and were the only MRI tests performed on the plaintiff, they did not prove that these injuries were caused by the August accident rather than by the January accident. Furthermore, the plaintiff failed to show that the limitations of movement of his cervical and lumbar spine observed in an examination in 2001 were more severe than those observed by his chiropractor following the January accident. In fact, the 2001 examination revealed some improvement in the movement of the plaintiff's cervical spine. The plaintiff thus failed to submit objective evidence by which the claimed aggravation of injuries sustained in the previous accident or new injuries could be measured (*see e.g. Pinkowski v All-States Sawing & Trenching*, 1 AD3d 874 [2003]), and his physician's statement that the plaintiff sustained a serious injury which was causally related to the August accident was speculative (*see e.g. Finkelshteyn v Harris*, 280 AD2d 579 [2001]; *Andre v Seem*, 234 AD2d 325 [1996]).

Furthermore, under the circumstances, the physician's reference in his affidavit to the plaintiff's lack of financial resources did not adequately explain the plaintiff's failure to obtain any medical treatment from September 1998 until his examination in July 2001 in connection with the instant motions for sum-

mary judgment (*see e.g. Ersop v Variano*, 307 AD2d 951 [2003]; *Francis v Christopher*, 302 AD2d 425 [2003]). The plaintiff was employed at the time of his accident, and he did not state in his affidavit that he was unable to afford further medical treatment. According to the plaintiff's deposition testimony, his "neck problem" was resolved within three months after the accident, he did not take prescription medications, and his other symptoms were alleviated by exercise. Accordingly, the plaintiff failed to raise a triable issue of fact as to whether he sustained a "permanent consequential limitation of use" or a "significant limitation of use" of a body organ or member which was causally related to the August accident (*see* Insurance Law § 5102 [d]; *Toure v Avis Rent a Car Sys.*, 98 NY2d 345 [2002]).

Finally, the plaintiff failed to raise a triable issue of fact as to whether the injuries he sustained in the August accident prevented him from performing substantially all of his customary and usual activities during at least 90 of the first 180 days following that accident (*see Crespo v Kramer*, 295 AD2d 467 [2002]; *Lalli v Tamasi*, 266 AD2d 266 [1999]). According to the plaintiff's deposition testimony, the August accident occurred on a Friday, he spent one hour in the emergency room, he returned to work the following Monday, and he did not have to stay in bed for any period of time following the accident. Moreover, he failed to demonstrate that the restrictions on his activities, such as playing sports, were the result of injuries sustained in the August accident. The record reveals that, in the Nassau County action, the plaintiff claimed that these same restrictions on his activities were the result of injuries sustained in the January accident.

Accordingly, the Supreme Court erred in vacating its prior order dated July 31, 2002, and should have adhered to that determination granting the defendants' motions for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury as a result of the August accident. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.