■ CHASE MANHATTAN MORTGAGE CORPORATION, Plaintiff, v RACHAMIN ANATIAN et al., Defendants, and YONA DORIT ANATIAN, Respondent. BEDFORD PARK DEVELOPMENT CORPORATION, Nonparty Respondent-Appellant; INTERBORO EQUITIES, LLC, et al., Nonparty Appellants-Respondents. [802 NYS2d 743]—

In an action to foreclose a mortgage, Interboro Equities, LLC, David Krinsky, and Sarah Krinsky, the purchasers, appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated December 5, 2003, as granted those branches of the motion of the defendant Yona Dorit Anatian and nonparty Bedford Park Development Corporation which were to vacate an order of reference, a judgment of foreclosure and sale, and a referee's deed, and (2) David Krinsky and Sarah Krinsky appeal, as limited by their brief, from so much of an order of the same court dated November 8, 2004, as, in effect, upon reargument of those branches of the motion which were to vacate the order of reference, judgment of foreclosure and sale, and referee's deed, adhered to the original determination granting those branches of the motion, and Bedford Park Development Corporation cross-appeals from stated portions of the order dated December 5, 2003.

Ordered that the appeal from the order dated December 5, 2003, is dismissed, as the order insofar as appealed from was superseded by that portion of the order dated November 8, 2004, which was made upon reargument; and it is further,

Ordered that the order dated November 8, 2004, is reversed insofar as appealed from, on the law and in the exercise of discretion, upon reargument, so much of the order dated December 5, 2003, as granted those branches of the motion of the defendant Yona Dorit Anatian and nonparty Bedford Park Development Corporation which were to vacate the order of reference, judgment of foreclosure and sale, and referee's deed is vacated, those branches of the motion are denied, and the order of reference, judgment of foreclosure and sale, and referee's deed are reinstated; and it is further,

Ordered that the cross appeal from the order dated December 5, 2003, is dismissed as abandoned (see 22 NYCRR 670.8 [c] [3]); and it is further,

Ordered that one bill of costs is awarded to the nonparty appellants-respondents.

As the Supreme Court reviewed the merits of the arguments of the nonparty appellants-respondents David Krinsky and Sarah Krinsky on their motion for leave to reargue, the court, in effect, granted reargument and adhered to its original determination. Therefore, contrary to the contention of the defendant Yona Dorit Anatian, the order dated November 8, 2004,

made upon reargument, is appealable (*see McNeil v Dixon*, 9 AD3d 481 [2004]; *McNamara v Rockland County Patrolmen's Benevolent Assn.*, 302 AD2d 435 [2003]; *Garieri v International Bus. Machs. Corp.*, 275 AD2d 730 [2000]).

Under the unique circumstances of this case, the unauthorized appearance in the foreclosure proceeding of the guardian ad litem on behalf of the defendants Rachamin Anatian and Yona Dorit Anatian, who otherwise failed to appear in the action, was a mere irregularity which may be disregarded, the Anatians having sustained no cognizable prejudice therefrom (*see* CPLR 2001; CPLR 5019 [a]). Moreover, the inexcusable delay of 18 months in moving, inter alia, to vacate an order of reference, a judgment of foreclosure and sale, and a referee's deed, together with the detriment to the Krinskys caused by the delay, warrants application of the doctrine of laches (*see First Nationwide Bank v Calano*, 223 AD2d 524 [1996]; *see also Amsterdam Sav. Bank v City View Mgt. Corp.*, 45 NY2d 854 [1978]; *Ninth Fed. Sav. & Loan Assn. v Yelder*, 107 AD2d 799 [1985]). Accordingly, the Supreme Court improvidently exercised its discretion in vacating the order of reference, judgment of foreclosure and sale, and referee's deed on this basis.

The parties' remaining contentions are either without merit or need not be reached in light of our determination. S. Miller, J.P., Krausman, Goldstein and Covello, JJ., concur.