■ MICHAEL RIVERA, Respondent, v GLEN OAKS VILLAGE OWNERS, INC., Appellant. [817 NYS2d 293]—

In an action to recover damages for personal injuries, the defendant appeals (1) from an order of the Supreme Court, Queens County (Polizzi, J.) dated May 23, 2005, which denied its motion for summary judgment on the ground that the motion was untimely, and (2), as limited by its brief, from so much of an order of the same court dated August 9, 2005, as, upon, in effect, granting reargument, adhered to the prior determination.

Ordered that the appeal from the order dated May 23, 2005 is dismissed, as that order was superseded by the order made, in effect, upon reargument; and it is further,

Ordered that the order dated August 9, 2005 is reversed insofar as appealed from, on the law, upon reargument, the order dated May 23, 2005 is vacated, and the matter is remitted to the Supreme Court, Queens County, for a determination of the merits of the defendant's motion for summary judgment; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Although the order of the Supreme Court dated August 9, 2005 purported to deny the defendant's motion for leave to reargue, it is clear that the Supreme Court, in effect, granted reargument and adhered to its prior determination (*see McNeil v Dixon,* 9 AD3d 481, 482 [2004]; *McNamara v Rockland County Patrolmen's Benevolent Assn.,* 302 AD2d 435, 436 [2003]). To the extent that the Supreme Court, upon reargument, adhered to its prior determination, the order is appealable by the defendant (*see Chase Manhattan Mtge. Corp. v Anatian,* 22 AD3d 625, 626-627 [2005]; *McNamara v Rockland County Patrolmen's Benevolent Assn., supra*).

"A motion is made when a notice of motion is served" (*Russo v Eveco Dev. Corp.,* 256 AD2d 566 [1998], citing CPLR 2211). In accordance with this rule, the defendant's motion for summary judgment was made on October 21, 2004 when it was served, by mail, on the attorney for the plaintiff (*see* CPLR 2103 [b] [2]; Weinstein-Korn-Miller NY Civil Practice ¶ 2211.07). The service of the motion on October 21, 2004 was timely. The Clerk of the Supreme Court, Queens County, did not permit the filing of this motion, because the return date that had been selected, November 10, 2004, fell on a Wednesday, and was thus inconsistent with a special rule of the I.A.S. Justice that required that motions be made returnable on Tuesdays. On November 2, 2004 the defendant promptly served its motion for summary judgment a second time, setting forth a new return date of Tuesday, November 23, 2004. The motion was denied by the Supreme Court in an order dated May 23, 2005, solely on the basis of its presumed untimeliness.

It does not follow from the fact that this single motion had been served on the attorney for the plaintiff on two separate occasions that its timeliness must be judged by the later (Nov. 2, 2004), rather than the earlier (Oct. 21, 2004) date of service (*see Pennsy Corp. v Z & S Realty Co.,* 256 AD2d 561, 562 [1998]). The mere fact that the defendant, after having served its original notice of motion on the plaintiff's attorney in a timely fashion, "filed new motion papers seeking the same relief, [was] not fatal to [such motion]" (*Roosevelt Sav. Bank v Tsotsos,* 215 AD2d 547, 548 [1995]). We conclude that the defendant's motion for summary judgment was timely and therefore, we remit the matter to the Supreme Court, Queens County, for consideration of the defendant's motion on the merits. Crane, J.P., Krausman, Skelos and Lifson, JJ., concur.