■ In the Matter of MATTIE M., Appellant, v ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents. [851 NYS2d 236]— In a custody proceeding pursuant to Family Court Act article 6, the petitioner appeals, as limited by her brief, from so much of

an order of the Family Court, Kings County (Freeman, J.), dated August 10, 2006, as, in effect, upon reargument, adhered to its prior determination granting the father's application to dismiss so much of the petition as sought custody of the subject children Anthony W. and Stellasha W.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner's motion, denominated as one for renewal and reargument, was, in effect, a motion for leave to reargue, as it was not based upon new facts that were not offered at the time of the father's application (*see* CPLR 2221 [e]). As the Family Court reviewed the merits of the petitioner's contentions on her motion for leave to reargue, the court, in effect, granted reargument and adhered to its original determination. Therefore, the order dated August 10, 2006, made upon reargument, is appealable (*see Rivera v Glen Oaks Vil. Owners, Inc.,* 29 AD3d 560, 561 [2006]; *McNeil v Dixon,* 9 AD3d 481, 482 [2004]; *McNamara v Rockland County Patrolmen's Benevolent Assn.,* 302 AD2d 435, 436 [2003]).

As the petitioner failed to demonstrate that the court misapprehended any of the relevant facts that were before it or misapplied any controlling principle of law, the court properly adhered to its prior determination granting the father's application to dismiss so much of the petition as sought custody of the subject children, Anthony W. and Stellasha W.

Furthermore, a parent seeking a change in custody is not automatically entitled to a hearing, but must make some evidentiary showing sufficient to warrant a hearing (*see Matter of Grassi v Grassi,* 28 AD3d 482 [2006]; *Matter of Carpenter v Whitaker,* 5 AD3d 681, 682 [2004]; *Matter of Madden v Cavanaugh,* 307 AD2d 266 [2003]). Here, the petitioner failed to make such a showing. The Family Court possessed sufficient information to render an informed determination on a change in custody without a hearing, consistent with the best interests of the subject children (*see Matter of Williams v O'Toole,* 4 AD3d 371, 372 [2004]; *Matter of Smith v Molody-Smith,* 307 AD2d 364 [2003]). In this regard, the court had great familiarity with the history of the petitioner and her children dating back to 2001 and was able to render an informed decision to reflect the best interests of the subject children.

The petitioner's remaining contentions are without merit. Crane, J.P., Rivera, Angiolillo and Dickerson, JJ., concur.