■ Moussa Seck, Respondent, v Minigreen Hacking Corp. et al., Appellants, et al., Defendants. [863 NYS2d 218]—

In an action to recover damages for personal injuries, the defendants Minigreen Hacking Corp. and Altaf Raja appeal from an order of the Supreme Court, Kings County (Saitta, J.), entered December 28, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Minigreen Hacking Corp. and Altaf Raja for summary judgment dismissing the complaint insofar as asserted against them is granted.

The defendants Minigreen Hacking Corp. and Altaf Raja (hereinafter the appellants) established their prima facie entitlement to judgment as a matter of law by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The majority of the plaintiff's submissions made in opposition to the appellants' motion, with the exception of the affidavit of his treating chiropractor and the affirmation of his treating radiologist,

were either unaffirmed or unsworn, and thus without any probative value (*see Grasso v Angerami,* 79 NY2d 813, 814-815 [1991]; *Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747, 748 [2007]; *Nociforo v Penna,* 42 AD3d 514, 515 [2007]). The affidavit of the plaintiff's treating chiropractor failed to raise a triable issue of fact. The chiropractor did not set forth any objective evidence to support the assertion that a pre-existing "injury" from a prior accident, which he failed to describe, was "exacerbated" by and causally related to the subject accident (*see McNeil v Dixon,* 9 AD3d 481, 482 [2004]; *Ingram v Doe,* 296 AD2d 530, 531 [2002]). The conclusions in the affidavit that the injuries and limitations noted in the plaintiff's lumbar spine were the result of the subject accident were rendered speculative in light of the fact that the chiropractor failed to adequately address that prior accident and injury (*see Gorden v Tibulcio,* 50 AD3d 460 [2008]; *McNeil v Dixon,* 9 AD3d 481 [2004]; *see also Penaloza v Chavez,* 48 AD3d 654, 655 [2008]). The CT scan of the plaintiff's lumbar spine, which was affirmed by the plaintiff's treating radiologist, was performed a little more than two years after the subject accident occurred, and was the only one performed on the plaintiff. Therefore, that scan could not prove that the injuries alleged by the plaintiff in this action were caused by the subject accident rather than the previous accident. By the plaintiff's own deposition testimony, the previous accident occurred in the same year as the subject accident (*see McNeil v Dixon,* 9 AD3d 481 [2004]).

Neither the plaintiff nor the plaintiff's treating chiropractor adequately explained the lengthy gap between the plaintiff's treatment in January 2006 and his last examination by his treating chiropractor in May 2007 (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]; *Cornelius v Cintas Corp.,* 50 AD3d 1085 [2008]; *Berktas v McMillian,* 40 AD3d 563, 564 [2007]; *Waring v Guirguis,* 39 AD3d 741, 742 [2007]; *Phillips v Zilinsky,* 39 AD3d 728, 729 [2007]).

The plaintiff also failed to set forth any competent medical evidence to establish that he sustained a medically-determined injury of a nonpermanent nature which prevented him from performing his usual and customary activities for 90 of the 180 days following the subject accident (*see Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535, 536 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]).

Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.