■ Marc B. Sternberg et al., Appellants, v Rhonda Sipzner et al., Respondents. [902 NYS2d 390]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), entered October 8, 2009, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Marc B. Sternberg did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff Marc B. Sternberg (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent a Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79

NY2d 955, 956-957 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court properly concluded that the plaintiffs failed to submit objective medical evidence by which the claimed aggravation of the injured plaintiff's preexisting injuries or new injuries could be measured (see McNeil v Dixon, 9 AD3d 481 [2004]).

The plaintiffs failed to submit competent medical evidence that the injuries allegedly sustained by the injured plaintiff in the subject accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (see Sainte-Aime v Ho, 274 AD2d 569 [2000]).

Since the plaintiffs failed to raise a triable issue of fact, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Covello, J.P., Angiolillo, Leventhal and Roman, JJ., concur.