■ CHARLES KHOURY, Appellant, v AGNES M. KHOURY, as Trustee of the AGNES M. KHOURY LIVING TRUST, et al., Respondents. [912 NYS2d 235]—

In an action for replevin and related relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated June 25, 2009, as, in effect, upon reargument, adhered to so much of an original determination in an order entered November 24, 2008, as granted the defendants' cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order dated June 25, 2009, is reversed insofar as appealed from, on the law, with costs, and, in effect, upon reargument, so much of the order entered November 24,

2008, as granted the defendants' cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) is vacated, and the defendants' cross motion is denied.

In the order appealed from, the Supreme Court, in effect, granted reargument and, upon reargument, adhered to its original determination. Therefore, contrary to the defendant's contention, the order dated June 25, 2009, made upon reargument, is appealable (*see Rivera v Glen Oaks Vil. Owners, Inc.*, 29 AD3d 560, 561 [2006]; *McNeil v Dixon*, 9 AD3d 481, 482 [2004]; *McNamara v Rockland County Patrolmen's Benevolent Assn.*, 302 AD2d 435, 436 [2003]).

Upon reargument, the defendants' cross motion to dismiss the complaint should have been denied. In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the facts pleaded must be presumed to be true and accorded every favorable inference, and the sole criterion is whether "from [the complaint's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]; *Gershon v Goldberg*, 30 AD3d 372, 373 [2006]). "Whether [the] plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *see Sokol v Leader*, 74 AD3d at 1181; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]).

To state a cause of action for replevin, a plaintiff must allege that he or she owns specified property, or is lawfully entitled to possess it, and that the defendant has unlawfully withheld the property from the plaintiff (*see Hofferman v Simmons*, 290 NY 449, 455 [1943]; *Matter of Bolin v Nassau County Bd. of Coop. Educ. Servs.*, 52 AD3d 704, 707 [2008]; *Salatino v Salatino*, 13 AD3d 512, 513 [2004]; *Hoffman v Unterberg*, 9 AD3d 386, 388 [2004]). In this case, the plaintiff clearly identified specific items of personal property that belonged to him, some of which were irreplaceable, and alleged that the items were located in a building owned and managed by the defendants. In addition, the plaintiff alleged that although he asked the defendants to return his property to him, the defendants unreasonably refused to do so. Thus, the plaintiff has pleaded a cognizable cause of action for replevin and related relief. Prudenti, P.J., Covello, Florio and Belen, JJ., concur.