In the Matter of TIANA ARROYO, Appellant, v JOHN T. AGOSTA, Respondent. [910 NYS2d 678]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from two orders of the Family Court, Nassau County (Stack, J.H.O.), both dated February 5, 2010, which, respectively, (1), without a hearing, dismissed her petition for modification of an order of custody and visitation, and (2), after a hearing, directed her to participate and cooperate with the father in securing the renewal of the passport of

the parties' child and directed her not to unreasonably withhold consent to the father's requests to travel with the child.

Ordered that the orders are affirmed, without costs or disbursements.

The Family Court properly dismissed, without a hearing, the mother's petition for a change of custody of the subject child or expanded visitation rights with respect to the subject child (*see Matter of Mattie M. v Administration for Children's Servs.*, 48 AD3d 392 [2008]; *Matter of Steinharter v Steinharter*, 11 AD3d 471 [2004]). " 'Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child' " (*Matter of Riedel v Riedel*, 61 AD3d 979 [2009], quoting *Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2009]). A person seeking a change in visitation or custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see Matter of Riedel v Riedel*, 61 AD3d at 979; *Matter of Gurewich v Gurewich*, 58 AD3d 628 [2009]). Here, the mother failed to make such a showing (*see Matter of Grant v Hunter*, 64 AD3d 779 [2009]; *Matter of Mattie M. v Administration for Children's Servs.*, 48 AD3d 392 [2008]; *Matter of Steinharter v Steinharter*, 11 AD3d 471 [2004]). Further, contrary to the mother's contentions, the Family Court did not err in directing her to cooperate with the father in securing the renewal of the subject child's passport and not to unreasonably withhold consent to the father's requests to travel with the child (*see generally Matter of Awan v Awan*, 75 AD3d 597 [2010]). Rivera, J.P., Angiolillo, Roman and Sgroi, JJ., concur.