# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**266**
**CA 14-01289**
PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

BARBARA HALE GONZALEZ, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

ROYALTON EQUINE VETERINARY SERVICES, P.C.,
JEANNE BEST, DVM, NIAGARA COUNTY SOCIETY FOR THE
PREVENTION OF CRUELTY TO ANIMALS, INC., STACEY
BAILEY AND ROBERT A. WINSLOW,
DEFENDANTS-RESPONDENTS.

---

MUSCATO, DIMILLO & VONA, LLP, LOCKPORT (BRIAN J. HUTCHISON OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

JONES, HOGAN & BROOKS, LLP, LOCKPORT (MORGAN L. JONES, JR., OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS ROYALTON EQUINE VETERINARY
SERVICES, P.C. AND JEANNE BEST, DVM.

WILLIAM C. MORAN & ASSOCIATES, P.C., WILLIAMSVILLE (WILLIAM JAMES
HARDY OF COUNSEL), FOR DEFENDANT-RESPONDENT NIAGARA COUNTY SOCIETY FOR
THE PREVENTION OF CRUELTY TO ANIMALS, INC.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (ROBERT A. CRAWFORD, JR., OF
COUNSEL), FOR DEFENDANT-RESPONDENT STACEY BAILEY.

HISCOCK & BARCLAY, LLP, ALBANY (JONATHAN H. BARD OF COUNSEL), FOR
DEFENDANT-RESPONDENT ROBERT A. WINSLOW.

---

Appeal from an order of the Niagara County Court (Sara S. Farkas,
J.), entered October 2, 2013. The order reversed an order of the
Lockport City Court.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by reinstating the order of Lockport
City Court to the extent that it granted that part of plaintiff's
motion seeking dismissal of the counterclaim asserted by defendant
Stacey Bailey pursuant to Lien Law § 183, and as modified the order is
affirmed without costs.

Memorandum: In 2009, defendant Jeanne Best, DVM, allegedly
observed deplorable conditions in plaintiff's barn and contacted the
State Police, who subsequently conducted a search of plaintiff's
premises and removed a horse and three dogs therefrom with the
assistance of defendant Niagara County Society for the Prevention of
Cruelty to Animals, Inc. (SPCA). Best fostered one of the dogs, which

thereafter died, and subsequently adopted the horse.  Defendants Stacey Bailey and Robert A. Winslow each fostered, then subsequently adopted, another dog.  Plaintiff commenced an action in City Court for, inter alia, replevin, and several defendants asserted counterclaims based on Lien Law § 183.  City Court granted plaintiff's motion for, inter alia, partial summary judgment on her cause of action for replevin, ordered the return of the horse and the two living dogs, and dismissed all counterclaims.  On appeal, County Court reversed City Court's order, finding triable issues of fact with respect to the cause of action for replevin and reinstating the counterclaims based on Lien Law § 183.  Plaintiff contends on appeal to this Court that she was entitled to summary judgment dismissing those counterclaims, as well as summary judgment on her replevin cause of action and the return of the seized animals.

Addressing first Lien Law § 183, we note at the outset that defendants Royalton Equine Veterinary Services, P.C., and Best have abandoned their counterclaims based on that statute.  With respect to Bailey's counterclaim based on section 183, we agree with plaintiff that County Court erred in determining that City Court improperly dismissed that counterclaim, and we therefore modify the order accordingly.  Plaintiff established the inapplicability of Lien Law § 183 inasmuch as plaintiff did not have an agreement with Bailey for services rendered prior to the seizure of the animals (*see id.*), and Bailey failed to raise a triable issue of fact in opposition (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Plaintiff contends that the SPCA was required to bring a forfeiture action to divest her of ownership of the seized animals, and that its failure to do so renders her their rightful owner and entitles her to summary judgment on the cause of action for replevin.  We reject that contention.  The animals at issue were seized pursuant to a warrant because plaintiff was keeping them in unhealthful or unsanitary surroundings and was not properly caring for them (*see* Agriculture and Markets Law § 373 [2]).  At that point, plaintiff had five days in which to redeem the animals before the SPCA was authorized to make the animals available for adoption (*see* § 374 [2]; *Montgomery County Socy. for Prevention of Cruelty to Animals v Bennett-Blue*, 255 AD2d 705, 706).  Thus, contrary to plaintiff's contention, it was not necessary for the SPCA to bring a forfeiture action.  Rather, it was plaintiff's burden on her motion to establish as a matter of law that she either redeemed the animals within the statutory redemption period or that she did not abandon them.  She failed to meet that burden, and she therefore failed to establish as a matter of law that she was lawfully entitled to possess the animals or that defendants had unlawfully withheld them from her (*see* §§ 373 [2]; 374 [2], [6]; *see also Khoury v Khoury*, 78 AD3d 903, 904; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  May 1, 2015                          Frances E. Cafarell
                                               Clerk of the Court