Starzyk v Heslinga (2019 NY Slip Op 07897)





Starzyk v Heslinga


2019 NY Slip Op 07897


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-02966
2017-05152
 (Index No. 790/13)

[*1]Mary Starzyk, respondent, 
v
Matthew Heslinga, etc., defendant, Carl Barbera, etc., et al., appellants.


Feldman, Kleidman, Coffey, Sappe & Regenbaum, LLP, Fishkill, NY (Marsha S. Weiss of counsel), for appellants.
Susan Dennehy, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants Carl Barbera and Orthopedic Associates of Dutchess County, P.C., appeal from (1) an order of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated February 7, 2017, and (2) an order of the same court dated April 24, 2017. The order dated February 7, 2017, insofar as appealed from, denied that branch of the motion of those defendants which was for leave to renew their motion for summary judgment dismissing the complaint insofar as asserted against them, and, in effect, upon reargument, adhered to a prior determination in an order of the same court dated December 13, 2016, denying that motion as untimely. The order dated April 24, 2017, denied the motion of those defendants to strike the note of issue and certificate of readiness and to compel certain additional discovery.
ORDERED that the order dated February 7, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated April 24, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to recover damages for medical malpractice against, among others, Carl Barbera and Orthopedic Associates of Dutchess County, P.C. (hereinafter together the defendants). By notice of motion dated December 4, 2016, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In response thereto, the plaintiff's counsel submitted a letter to the Supreme Court dated December 13, 2016, informing the court that the defendants' motion for summary judgment was untimely. The court issued an order that day denying the defendants' motion for summary judgment as untimely.
Thereafter, the defendants moved, inter alia, for leave to renew and reargue their motion for summary judgment dismissing the complaint insofar as asserted against them. By order dated February 7, 2017, the Supreme Court, among other things, denied that branch of the [*2]defendants' motion which was for leave to renew. In addition, the Supreme Court, in effect, granted that branch of the defendants' motion which was for leave to reargue, and, upon reargument, adhered to its original determination denying the defendants' motion for summary judgment as untimely. The defendants appeal.
Contrary to the plaintiff's contention, since the Supreme Court reviewed the merits on that branch of the defendants' motion which was for leave to reargue, the court, in effect, granted reargument and adhered to its original determination. Therefore, the portion of the order made upon reargument is appealable (see Stile v Jen Mar. Dev., LLC, 69 AD3d 707, 707; Matter of Mattie M. v Administration for Children's Servs., 48 AD3d 392, 393; McNeil v Dixon, 9 AD3d 481). Since the defendants failed to demonstrate that the court misapprehended any of the relevant facts that were before it or misapplied any controlling principle of law, we agree with the court's adherence to its original determination denying the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them as untimely (see Budoff v City of New York, 164 AD3d 737, 738-739; NYCTL 1998-2 Trust v Michael Holdings, Inc., 77 AD3d 805, 806).
The Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was for leave to renew, since the defendants failed to set forth a reasonable justification for their failure to present the allegedly new facts on their prior motion (see Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586; O'Connell v Post, 27 AD3d 631, 631).
Following issuance of the order dated February 7, 2017, the defendants moved to strike the note of issue and certificate of readiness and to compel certain additional discovery. The Supreme Court denied this motion by order dated April 24, 2017. The defendants appeal and we affirm.
Contrary to the defendants' contention in the Supreme Court, their motion to strike the plaintiff's note of issue and certificate of readiness and to compel certain additional discovery should have been summarily denied as it was made without an affirmation of good faith as required by 22 NYCRR 202.7(a) (see Matos v Mira Realty Mgt. Corp., 240 AD2d 214; see also Martinez v 1261 Realty Co., LLC, 121 AD3d 955). In any event, as the defendants conceded in their reply papers, all of the items requested at the time of their motion had been provided to them. Further, the defendants failed to show either that a material fact in the certificate of readiness was incorrect or that good cause for vacatur exists (see 22 NYCRR 202.21[e]; Ferraro v North Babylon Union Free School Dist., 69 AD3d 559, 561).
SCHEINKMAN, P.J., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court