## Bizfund LLC v Ocean Auto Group LLC

2024 NY Slip Op 33183(U)

September 10, 2024

Supreme Court, Kings County

Docket Number: Index No. 507107/2022

Judge: Peter P. Sweeney

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS, PART 73
-------------------------------------------------------------------X
BIZFUND LLC,

                                        Plaintiff,

          -against-

OCEAN AUTO GROUP LLC DBA MIDAS TIRE &
AUTO NELLIS; and AUTOMOTIVE WORKERS
ASSOCIATION OF NEVADA LLC; and OCEANBOS
ENTERPRISES LLC; and OCEAN AUTOMOTIVE LLC;
and BRAKE CITY LLC; and RANBIR SINGH SIDHU,

                                    Defendants.
-------------------------------------------------------------------X

Index No.: 507107/2022
Motion Date: 9-9-24
Mot. Seq. No.: 5, 6

**DECISION/ORDER**

The following papers, which are e-filed with NYCEF as items 64-75, were read on this motion and cross-motion:

In this action for the breach of a contract for the purchase and sale of future receivables, in motion sequence no. 5, the plaintiff moves for an order: (a) granting leave for reargument of the Court's Decision and Order dated January 29, 2024, on the basis that the Court inadvertently overlooked a material fact to which Defendants stipulated, i.e. the Defendants' express written admission, via stipulation, that they continued to generate and collect receivables after the date that they ceased remitting receivables, and, upon reargument, granting Plaintiff's Motion for Summary Judgment, and (b) granting Plaintiff such other and further relief as the Court deems just and proper. In motion sequence no. 6, the defendants cross-move for an order dismissing the action for lack of subject matter jurisdiction unless plaintiff proves that the bank from which it wired the funding to defendants was in New York (*Kapitus Servicing, Inc. v Point Blank Constr., Inc.*, 221 A.D.3d 532 [2023]). The two motions are consolidated for disposition.

**Motion Sequence No. 5.**

Plaintiff's motion to reargue is denied. In denying plaintiff's motion for summary judgment, the Court held that the affidavit plaintiff submitted in support of the motion was vague as to how the defendant breached the contract. Throughout the affidavit, the plaintiff repeatedly said that the defendants breached the agreement without specifying the nature of the breach. Notably, paragraph 7.1 of the agreement between the parties specifies a myriad of reasons why

the defendant would be considered in default of the agreement. The plaintiff did not specify any of these grounds as the basis of the breach.

In seeking leave to reargue, a movant must show that the court that issued the original order either "overlooked or misapprehended" relevant facts or misapplied controlling principles of law (*William P. Pahl Equip. Corp. v. Kassis*, 182 A.D.2d 22, 27, *appeal denied in part and dismissed in part*, 80 N.Y.2d 1005, quoting *Schneider v. Solowey*, 141 A.D.2d 813; CPLR 2221(d)(2); *Boboyev v. Gomez*, 304 A.D.2d 600 (2d Dept 2003); *Delgrosso v. 1325 Ltd. P'ship*, 306 A.D.2d 241). If the movant has not made such a showing, the motion to reargue must be denied (see *Calo v. Wal-Mart Stores, Inc.*, 305 A.D.2d 351). "Reargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided or to present arguments different from those originally asserted." (*William P. Pahl Equip. Corp.*, 182 A.D.2d at 27; *see also Pro Brokerage, Inc. v. Home Ins. Co.*, 99 A.D.2d 971, *appeal dismissed*, 64 N.Y.2d 646). Since the plaintiff failed to demonstrate that this Court overlooked or misapprehended any relevant facts or misapplied controlling principles of law, the motion is denied.

**Motion Sequence No. 6.**

The defendants' move to dismiss the action claiming that pursuant to Business Corporation Law §1314(b), this court lacks subject matter jurisdiction over the action. Defendants motion is denied for the following reasons:

Business Corporation Law §1314(b) provides:

> Except as otherwise provided in this article, an action or special proceeding against a foreign corporation may be maintained by another foreign corporation of any type or kind or by a non-resident in the following cases only:
>
> (1) Where it is brought to recover damages for the breach of a contract made or to be performed within this state, or relating to property situated within this state at the time of the making of the contract.

Defendants correctly contend that in *Techno-TM, LLC v Fireaway, Inc.*, 123 A.D.3d 610, the Appellate Division, First Department held that foreign corporations and foreign limited liability companies are treated the same under Business Corporation Law §1314(b). The Court

[* 2]

in *Techno-TM, LLC*, dismissed an action brought by a foreign limited liability company against a foreign corporation stating: "The parties are foreign corporations that neither do nor are authorized to do business in New York (*see* CPLR 302), **and this case does not fall under any of the exceptions permitting an action in this State by a foreign corporation against another foreign corporation (*see* Business Corporation Law [BCL] § 1314[b]**" (*Techo-TM, LLC, supra.*)

While plaintiff cites a plethora of cases where lower courts have held that Business Corporation Law § 1314[b] does not apply to foreign limited liability[1], the Court will not assume that *Techno-TM, LLC* was erroneous decided. Since the neither the Court of Appeals nor any other department of the Appellate Division has addressed the issue of whether a foreign limited liability company should be treated like a foreign corporation under Business Corporation Law § 1314[b], the Court must follow *Techno-TM, LLC* (*Mountain View Coach Lines v. Storms*, 102 A.D.2d 663, 664, 476 N.Y.S.2d 918).

Citing *Kapitus Servicing, Inc. v. Point Blank Constr., Inc.*, 221 A.D.3d 532, 202 N.Y.S.3d 1, the plaintiff contends that if the Court is inclined to apply *Techno-TM, LLC*, the action should still be dismissed for lack of subject matter jurisdiction because the action falls under Business Corporation Law § 1314[b][1], an exception to the general rule set forth in Business Corporation Law § 1314[b]). Under Business Corporation Law § 1314[b][1], if an action is "brought to recover damages for the breach of a contract made...within this state", the Court would have subject matter jurisdiction over the parties even if the plaintiff is a foreign limited liable company or a foreign corporation (Business Corporation Law § 1314[b][1]).

In *Kapitus Servicing, Inc., supra*, a case which also involves an alleged breach of a contract for the sale of future receivables, the Court stated that "the place of making of [a] contract is established when the last act necessary for its formulation is done, and at the place

---

[1] See *Pinnacle Bus. Funding, LLC v Muharib*, 2023 NY Slip Op 33680[U] (Sup Ct, Kings County 2023); *Pearl Delta Funding, LLC v. Quality Auto of Anderson, LLC*, No. 716193/2022, 2022 N.Y. Misc. LEXIS 18035 (Sup. Ct. Dec. 6, 2022); *Fora Fin. Asset Securitization 2021, LLC v. Hialeah FL Parts Inc.*, 2024 NY Slip Op 31503(U) (Sup. Ct., April 3, 2024); *Libertas Funding, LLC v. Travelland RV, Inc.*, 2024 NYLJ LEXIS 425 (Sup. Ct. Kings Cnty. February 6, 2024); *Capybara Capital, LLC v. Dixie Home Sols., Inc.*, 2024 N.Y. Misc. LEXIS 1010).

3

[* 3]

where that final act is done" (*citing Fremay, Inc. v. Modern Plastic Mach. Corp.,* 15 A.D.2d 235, 237, 222 N.Y.S.2d 694). The Court went on to hold that the contract between the parties was made in New York since the last act necessary to the formulation of the contract was performed in New York, that act being when plaintiff wired the funds representing the purchase price for the future receivables from its office in New York to a Florida bank account (*Kapitus Servicing, Inc., supra.*).

In support of its argument that the contract between the parties in this case was made in New York, plaintiff relies on the affidavit of David Wolfson, the Vice President of Risk Management and Asset Recovery of Kapitus Servicing, Inc. f/k/a Colonial Funding Network, Inc., as servicer and agent for FIG Capital LLC. He states in his affidavit:

> Plaintiff funded Defendants directly using its **bank accounts controlled by New York employees** who released the funds to Defendants.

In the Court's view, Mr. Wolfson's affidavit does not demonstrate as a matter of law that the last act necessary to the formulation of the contract between the parties was performed in New York. In the Court's view, until there is full discovery on the issue of how the funds were sent to the defendant, the court is not able to determine whether the court has subject matter jurisdiction over the action.

Accordingly, it is hereby

ORDERED that the motion and cross-motion are DENIED.

This constitutes the decision and order of the Court.

Dated: September 10, 2024



_____

**PETER P. SWEENEY, J.S.C.**

Note: This signature was generated electronically pursuant to Administrative Order 86/20 dated April 20, 2020

4