■ In the Matter of HARRY VICKERY, Respondent, v VILLAGE OF SAUGERTIES, Appellant. — Appeals, by permission, (1) from an order of the Supreme Court at Special Term (Klein, J.), entered April 29, 1983 in Ulster County, which dismissed the petition dated October 10, 1978, in a proceeding pursuant to CPLR article 78, without prejudice to reinstitution and remitted the matter to the Village Board of the Village of Saugerties for appropriate findings and compilation of a record, and (2) from that part of an order of said court, entered May 3, 1984 in Ulster County, which, in a proceeding pursuant to CPLR article 78, denied respondent's motion to dismiss the petition dated May 26, 1983.

The procedural history of this matter is somewhat complex. Petitioner was a police officer with respondent, the Village of Saugerties located in Ulster County, in May, 1972. On May 31, 1972, he was charged with misconduct; i.e., taking property at 12:20 A.M. on May 29, 1972 from Saugerties Coal and Lumber Company without permission. On July 25, 1972, after a hearing, the Village of Saugerties Board of Trustees (board) found him guilty of misconduct and discharged him from the police force. On October 6, 1972, the Ulster County Civil Service Commission affirmed the finding of misconduct, but recommended that the penalty be modified from discharge to suspension without pay from May 29, 1972 to September 19, 1972. Thereafter, the

village commenced a CPLR article 78 proceeding, and the decision of the Civil Service Commission was annulled on March 1, 1973 by the Supreme Court of Ulster County and a new hearing was ordered. On June 21, 1974, petitioner moved to modify the Supreme Court's order. Nine months later, on March 12, 1975, an order was entered on the motion to modify which directed the board to hold a hearing within 30 days. On October 31, 1975, after two days of hearings, the appointed hearing officer recommended that the charges against petitioner be dismissed. Three years later, by petition dated October 10, 1978, petitioner commenced a CPLR article 78 proceeding against respondent seeking reinstatement and back wages.

On *April 12, 1979,* the Supreme Court of Ulster County rendered a decision on the October 10, 1978 petition, denying the petition without prejudice and remitting the matter again to the board for appropriate findings and compilation of a record within 20 days of service of the order. The decision expressly directed petitioner to submit an order in accordance with the decision.

Four years later, on *April 27, 1983,* petitioner finally submitted the order in accordance with the April 12, 1979 decision, which was signed and subsequently entered on April 29, 1983. Petitioner now claims that he has acted diligently in this matter and that his former attorney, now deceased, is to blame for the four-year delay.

On May 26, 1983, respondent moved to vacate the April, 1983 order, *inter alia,* on the ground of laches. Respondent alleges that it has been prejudiced by the four-year delay because records of the event are now missing and witnesses to the misconduct no longer live in the area.

Before a decision was made on the motion to vacate, petitioner filed a second CPLR article 78 proceeding on May 31, 1983, again requesting, *inter alia,* reinstatement and back pay. Respondent then made a second motion to dismiss the second petition on the grounds of laches, CPLR 9802, and the Statute of Limitations. Special Term denied both motions. Special Term did, however, grant leave to appeal from the order entered April 29, 1983, which remitted the matter to the board for appropriate findings and dismissed the petition without prejudice. This court, by order dated July 2, 1984, granted respondent permission to appeal to this court from so much of the order of Special Term, entered May 3, 1984, as denied respondent's motion to dismiss the second CPLR article 78 petition.

Respondent claims that petitioner should have been barred by laches from having the order dated April 27, 1983 signed and

entered. We agree. Laches is an equitable doctrine which bars recovery where a party's inaction has prejudiced another party, making it inequitable to permit recovery (*Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds,* 46 NY2d 488). Petitioner delayed four years in submitting the order, an act which should have taken a few days. Although petitioner has attempted to place all of the blame on his former attorney, the excuse is not entirely convincing, as petitioner has produced little evidence to support his claim that he has endeavored to move this litigation along. Indeed, the evidence which petitioner has produced merely tends to demonstrate that petitioner was active during the last year of the four-year dormancy. A significant problem with petitioner's excuse is that the four-year delay in question began with a written decision by Justice Klein, which referred the matter to the board for appropriate findings to be completed within *20 days* of service of the order. If, as petitioner claims, he was in touch with his former attorney, and maintained even the slightest familiarity with the case, petitioner should have known that new findings were to be made within a few weeks of the decision, not a few years. The facts simply do not support petitioner's bald assertion that he was diligent in asserting his rights. Moreover, respondent has demonstrated prejudice. It appears that critical documents are now missing, and that it will not be able to reconstruct an adequate record.

In sum, the four-year delay without a valid excuse in procuring an order which should have been submitted within a few weeks (cf. CPLR 2219; 22 NYCRR 660.8 [a] [6]; 752.11 [d]; 780.26; 795.5 [f]), together with prejudice, leads unmistakably to the conclusion that petitioner was guilty of laches. The order entered April 29, 1983 should therefore be vacated, and the subsequent petition dated May 26, 1983 dismissed.

Order entered April 29, 1983, vacated, and petition dated October 10, 1978 dismissed, without costs.

Order entered May 3, 1984 reversed, on the law and the facts, without costs, and petition dated May 26, 1983 dismissed. Mahoney, P. J., Kane, Main, Weiss and Mikoll, JJ., concur.