■ BARBARA KENT, Appellant, v FEARLESS REALTY, INC., et al., Defendants, and DANELLA COLEMAN, Respondent.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered January 18, 1991, which granted defendant Coleman's motion to vacate a default judgment of foreclosure to the extent of permitting said defendant to serve an answer within twenty days of service of the order with notice of entry, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of vacating the extension of leave to serve an answer and instead, granting the motion to the extent of directing a hearing on the issue of proper service of the summons and complaint, and otherwise affirmed, with costs.

In moving to vacate the default judgment of foreclosure in this action six months after that judgment was entered and after the property was noticed for sale, defendant Coleman asserted that at the time of the purported personal service of the summons and complaint she was in South Carolina and that by the time she returned and found a mailed copy of the

documents, it was too late to answer. Supreme Court found these assertions to be insufficient to rebut the process server's affidavit, but found Coleman had provided a valid reason for failing to serve a timely answer and had presented a potentially meritorious defense as well. Upon our reading of the record, defendant's assertions were sufficient to raise an issue of fact as to the validity of service, but utterly failed to offer any other excuse for the default. In these circumstances, there should be a traverse hearing, which will result either in dismissal of the complaint or denial of the motion to vacate the default judgment. Even if a party has a potentially meritorious defense, a default judgment should not be vacated if that party has stood by idly, willfully and persistently, while the action proceeded to judgment and enforcement proceeds. *(See, Kahn v Stamp,* 52 AD2d 748; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.04.) Concur—Murphy, P. J., Carro, Ellerin and Asch, JJ.