■ TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA et al., Respondents, v CODE BETA GROUP, INC., et al., Appellants. [612 NYS2d 124] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered March 25, 1993, which denied defendants' motion to vacate a default judgment entered against them, unanimously affirmed, without costs.

The IAS Court did not abuse its discretion in denying defendants' motion to vacate their default in proceeding to trial. Defendants' attorney was aware of complications in his recovery from eye surgery more than a month before trial was set to begin on February 24, 1992, but failed to arrange for substitute counsel as the court had directed on December 16, 1991, the originally scheduled trial date that was adjourned at the request of defendants' attorney because of his then impending eye surgery. Failure to seek substitution of other counsel was not excusable given these circumstances *(Chery v Anthony,* 156 AD2d 414, 417), which included a written stipulation fixing February 24, 1992 as the final adjourned trial date *(Wimpy's Collision Works v Miceli,* 108 AD2d 854). While defendants' attorney argued that it was not until the trial date approached that he realized his condition prevented him from proceeding, the affidavit of his own physician indicates that the problem was first discovered in mid-January, 1992, and he should have addressed the problem then by either finding substitute counsel or apprising the court of his predicament. We also agree with the IAS Court that defendants failed to demonstrate a meritorious defense, their attorney's conclusory assertions that plaintiff sellers breached their con-

tract with defendant buyers by failing to maintain the subject hotel during the contract period being without evidentiary value *(James v Hoffman,* 158 AD2d 398) and devoid of evidentiary facts *(Matter of Jones,* 128 AD2d 403, 404); likewise, the affidavit of defendant Dopp did no more than "affirm" the attorney's claim of a "good and meritorious defense". While a hotel development executive did testify that marketing at the hotel was minimal and occupancy rates declined during the contract period, he did not attribute these conditions to plaintiffs' neglect such as would put them in breach of the contract. Concur—Ellerin, J. P., Asch, Rubin, Nardelli and Williams, JJ.