■ FIRST NATIONWIDE BANK, Respondent, v MICHAEL J. CALANO et al., Respondents, and PATRICIA A. CALANO, Appel-

lant. [636 NYS2d 122] —In an action to foreclose a mortgage, the defendant Patricia A. Calano appeals, as limited by her brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated May 6, 1994, as denied her motion, *inter alia,* to vacate a default judgment against her.

Ordered that the order is affirmed insofar as appealed from, with costs to the defendants-respondents Jack Schiavone and Diana Schiavone.

The appellant, Patricia A. Calano, appeared in the initial stages of this action to foreclose a mortgage on her property. However, a default judgment was entered against her when she subsequently failed to appear in court. Calano admitted that she was served with a copy of the Referee's notice of sale in August 1992 but did not move to vacate the default judgment until August 1993. Following a public auction, the property was sold to Jack Schiavone and Diana Schiavone in October 1992, and they financed the purchase with a mortgage loan.

The court properly denied Calano's motion to vacate the default judgment. The doctrine of laches bars recovery where a party's inaction has prejudiced another party, making it inequitable to permit recovery *(see, Matter of Vickery v Village of Saugerties,* 106 AD2d 721, 723, *affd* 64 NY2d 1161). Although Calano's allegations established a reasonable excuse for her default and a potential meritorious defense *(see,* CPLR 5015 [a] [1]), her inexcusable delay of nearly one year in seeking to vacate her default, together with the detriment to the Schiavones caused by the delay, warrants application of the doctrine of laches *(see, e.g., Amsterdam Sav. Bank v City View Mgt. Corp.,* 45 NY2d 854; *Kent v Fearless Realty,* 174 AD2d 499; *Ninth Fed. Sav. & Loan Assocs. v Yelder,* 107 AD2d 799). Balletta, J. P., Miller, O'Brien and Sullivan, JJ., concur.