■ LEONARD A. WILF, Individually and as Executor of HARRY WILF, Deceased, et al., Respondents, v ISRAEL HALPERN, Appellant. [651 NYS2d 30] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 30, 1995, awarding plaintiffs damages, and order of the same court and Justice, entered on or about March 20, 1996, which, *inter alia*, denied defendant's motion to vacate his default in opposing plaintiffs' motion for partial summary judgment, unanimously affirmed, with costs.

In order to vacate a default judgment pursuant to CPLR 5015 (a), the movant must establish that the default was excusable and that there is a meritorious defense to the action. The sole excuse for the default proffered by defendant—that he was unaware of plaintiffs' motion, made in March 1995 and granted in April 1995, until November 7, 1995—was correctly described by the IAS Court as "demonstrably false", in that defendant had annexed to his motion papers a copy of the short form order that had been sent to him by plaintiffs' attorneys on April 26, 1995. An intentional default is ipso facto inexcusable, and should not be vacated (*see, Cipriano v Hank*, 197 AD2d 295, 298; *Kent v Fearless Realty*, 174 AD2d 499). "Having chosen to take no action to protect his interests, defendant should not now be relieved of his default." (*Tucker v Rogers*, 95 AD2d 960, 961.) Concur—Rosenberger, J. P., Ellerin, Wallach, Tom and Mazzarelli, JJ.