■ 56 MARQUIS, INC., Appellant, v MARK A. MOSELLO, Respondent. [658 NYS2d 86] —In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 8, 1996, as denied that branch of its motion which was for leave to enter a deficiency judgment against the defendant and granted the defendant's cross motion to vacate that portion of the judgment of foreclosure and sale which provided for the entry of a deficiency judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant contends that the court was without power or authority to vacate that portion of the judgment of foreclosure and sale which provided for the entry of a deficiency judgment, since the defendant failed to raise that issue at the time the foreclosure was litigated and failed to take an appeal from the judgment of foreclosure itself. The appellant is mistaken. It is a well-settled principle that a court has the inherent power to

grant a motion to vacate its own judgment "for sufficient reason, in furtherance of justice" *(Ladd v Stevenson,* 112 NY 325, 332; *Matter of Delfin A.,* 123 AD2d 318; *McMahon v City of New York,* 105 AD2d 101). Here the record demonstrates that the various loan documents, including the mortgages, limited the defendant's personal liability, and required the banks which made the loans to elect their remedy upon default. As the banks opted to pursue foreclosure as their remedy, and as the title to the subject property was transferred to a new owner pursuant to the terms of the loans, the defendant is relieved from liability for any deficiency remaining after the sale of the subject property.

The appellant's remaining contentions are without merit. Friedmann, J. P., Florio, McGinity and Luciano, JJ., concur.