■ FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of AMERICAN SAVINGS BANK, Respondent, v JOHN L. KAUFMAN, Respondent, et al., Defendants. NATIONAL LOAN INVESTORS, L.P., Nonparty Appellant. [708 NYS2d 636] —In an action to recover on a promissory note and personal guarantees, National Loan Investors, L.P., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered June 10, 1999, as denied its motion to be substituted as the plaintiff in this action and to vacate a stipulation of settlement between the plaintiff Federal Deposit Insurance Corporation and the defendant John L. Kaufman, and granted that branch of the cross motion of the defendant John L. Kaufman which was to amend a judgment in favor of National Loan Investors, L.P., entered May 12, 1998.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly concluded that the relief sought by the appellant was barred by the doctrine of laches. The appellant's inexcusable four-year delay in seeking relief from the stipulation of settlement entered into by the plaintiff, the appellant's assignor, and the defendant John L. Kaufman, coupled with the prejudice to Kaufman if relief were granted, warrants application of the doctrine (*see, First Nationwide Bank v Calano,* 223 AD2d 524; *Matter of Vickery v Village of Saugerties,* 106 AD2d 721, *affd* 64 NY2d 1161). In light of our determination, it is unnecessary to address the appellant's remaining contentions regarding its motion.

The Supreme Court also properly granted that branch of Kaufman's cross motion which sought to amend the judgment

entered against the other defendants. The judgment incorrectly provided that the cause of action against Kaufman was reserved and continued when, in fact, the cause of action against Kaufman had been settled. Consequently, the Supreme Court properly determined that the language reserving and continuing the cause of action against Kaufman should be deleted from the judgment.

The plaintiff's contentions regarding its interpleader action are not properly before us on this appeal. Ritter, J. P., Santucci, S. Miller and Goldstein, JJ., concur.