■ SHERRIL PIRES et al., Respondents, v ALEXIS ORTIZ et al., Appellants. [795 NYS2d 9]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered March 30, 2004, which denied defendants' motion to vacate a default judgment, unanimously affirmed, without costs.

The motion court properly rejected defendants' claim that they reasonably believed that at all relevant times the action, commenced in June 2000, was being defended by their insurance carrier. It appears that several weeks after defendants mailed the summons and complaint to the carrier as instructed by their insurance broker, the documents were returned to them in the same envelope in which they were sent, albeit stamped "Received." Thereafter, in October 2000, defendants were served with a motion for a default judgment; in January 2001, they received a letter from their carrier advising them of their default and disclaiming coverage for failure to promptly provide the carrier with a copy of the summons and complaint; and in March 2001, they were served with notice of entry of an order granting a default judgment and directing an inquest. By this time, any belief that the carrier was defending the action was no longer tenable. Thereafter, defendants received notice that the carrier was in liquidation, notice of an inquest to be held in February 2002, and notice of entry of judgment in September 2002, but they did not make their motion to vacate the default until November 2003. Given this persistent and willful inaction, defendants' default should not be vacated even if they have a meritorious defense (*see Kent v Fearless Realty*, 174 AD2d 499 [1991]; *Time Warner City Cable v Tri State Auto*, 5 AD3d 153 [2004], *lv dismissed* 3 NY3d 656 [2004]). We also reject defendants' argument that the inquest was invalid since it was conducted while the liquidation stay against their carrier was in effect. The stay against all proceedings involving defendants' carrier took effect in May 2001, after the carrier had disclaimed coverage in this action in January 2001. Thus, at the time of the inquest, the stay was inapplicable to this action. Concur—Tom, J.P., Saxe, Friedman and Marlow, JJ.