In an action to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Owen, J.), dated April 24, 2007, as denied his motion to vacate an order of the same court dated March 20, 1996, dismissing the action pursuant to CPLR 3404, and to restore the action to the trial calendar.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
The motion of Patricia J. Purgess to vacate a prior order of the Supreme Court, Orange County, dated March 20, 1996, dismissing the action pursuant to CPLR 3404, was made almost 11 years after the issuance of that order. “The doctrine of laches bars recovery where a party’s inaction has prejudiced another party, making it inequitable to permit recovery” (First Nationwide Bank v Calano, 223 AD2d 524, 525 [1996]). The essential element of the equitable defense of laches is delay prejudicial to the opposing party (see Matter of Barabash, 31 NY2d 76, 81 [1972]; Resk v City of New York, 293 AD2d 661, 662 [2002]). *455 Here, Purgess’s delay of nearly 11 years in seeking to vacate the order dated March 20, 1996, and the resulting prejudice to the defendants caused by the delay, warrants the application of the doctrine of laches (see First Nationwide Bank v Calano, 223 AD2d at 525).
In light of this determination, we do not consider the parties’ remaining contentions. Rivera, J.P, Florio and Chambers, JJ., concur.