■ KAREN MEREDITH et al., Appellants, v CITY OF NEW YORK et al., Respondents. [877 NYS2d 53]—Order, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered January 24, 2007, which denied plaintiffs' motion to vacate the order of dismissal and restore the action to the trial calendar, unanimously affirmed, without costs.

We reject plaintiff's challenge to the jurisdiction of the judicial hearing officer. While the record does not contain an order of reference, plaintiffs actively participated in the proceedings before him without objection (see Matter of Heather J., 244 AD2d 762, 763 [1997]).

The hearing officer's refusal to adjourn, after a jury had been empaneled, to allow plaintiffs to seek an amendment of the complaint or bill of particulars cannot serve as a basis for plaintiffs' refusal to proceed (see Vink v Ranawat, 48 AD3d 212 [2008]). Plaintiffs cannot avoid the consequences of the acts or omissions of their retained counsel (see Drake v Bates, 49 AD3d 1098 [2008]), whose intentional default, based on the misrepresentation that his firm had been discharged and he could not proceed, is ipso facto inexcusable (see Wilf v Halpern, 234 AD2d 154 [1996]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz and Renwick, JJ.