■ Jadida Romero, an Infant, by Her Mother and Natural Guardian, Aixa Canales, et al., Appellants, v Jametta Smith et al., Defendants. Motor Vehicle Accident Indemnification Corporation et al., Nonparty Respondents. [883 NYS2d 470]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered February 15, 2008, which, in an action for personal injuries sustained in a car accident, denied plaintiffs' motion seeking, inter alia, to vacate an allegedly incorrect notation on the court's Web site indicating that this action was disposed of and settled at trial on September 10, 2001, to reargue and/or renew a prior order, same court (Joseph N. Giamboi, J.), entered November 20, 2001, which shows no disposition on a prior motion by plaintiffs to hold an insurance carrier in contempt for

failing to appear at a framed issue hearing, and for related relief permitting the action to proceed to the inquest that was directed in an order, same court (Gerald Esposito, J.), entered November 19, 1999, granting plaintiffs a default judgment, unanimously affirmed, without costs.

The relief requested should be denied because, as the motion court stated, plaintiffs fail to offer an "appropriate excuse for the enormous delay herein." As a result of the delay, the Motor Vehicle Accident and Indemnification Corporation, which plaintiffs claim is obligated to defend and indemnify the defaulting defendants, is presently unable to locate insurance records pertaining to this 1995 accident, having destroyed all of its records pertaining to this matter pursuant to an office policy to destroy files six years after they have been closed, and has been otherwise prejudiced (*see Matter of Linker*, 23 AD3d 186, 189-190 [2005]; *see also Matter of Vickery v Village of Saugerties*, 106 AD2d 721, 723 [1984], *affd* 64 NY2d 1161 [1985]). Concur—Mazzarelli, J.P., Saxe, Catterson, DeGrasse and Abdus-Salaam, JJ.