■ YOUNI GEMS CORP. et al., Appellants-Respondents, v BASSCO CREATIONS INCORPORATED, Defendant, and EFRAIM BASALEL et al., Respondents-Appellants. [896 NYS2d 315]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered May 14, 2008, insofar as it denied defendants' motion to vacate a prior order striking their answer and counterclaim and a judgment entered against them following an inquest, unanimously affirmed, without costs. Plaintiffs' appeal from so much of the order as granted defendants' application to stay certain eviction proceedings pending in New York City Civil Court, Queens County, pending the resolution of this appeal, unanimously dismissed, without costs, as academic.

The April 16, 2007 order striking defendants' answer and counterclaim for failure to comply with a prior discovery order and directing an inquest on the issue of plaintiffs' damages was the result of a contested motion on notice and therefore was directly appealable (see Achampong v Weigelt, 240 AD2d 247 [1997]; Spatz v Bajramoski, 214 AD2d 436 [1995]). Accordingly, defendants' motion, to the extent that it sought vacatur of the April 16, 2007 order was procedurally defective (id.). Nevertheless, the procedural irregularity does not, under the circumstances, preclude a review of the April 16, 2007 order since defendants properly moved pursuant to CPLR 5015 to vacate their default at the inquest and the timely appeal from the denial of their motion to vacate the judgment brings up for review the April 16, 2007 order.

The court properly struck defendants' answer and counterclaim for their wilful failure to comply with the court's disclosure order (*see* CPLR 3126 [3]). Defendants' wilfulness may be inferred from their failure to comply with the court's deadline, their failure to respond to plaintiffs' repeated efforts to obtain discovery until plaintiffs brought a second motion seven months later and their submission of responses to plaintiffs' interrogatories and document requests on the return date of the motion to strike that were incomplete and did not include relevant financial information (*see John R. Souto, Co. v Coratolo*, 293 AD2d 288 [2002]; *Gutierrez v Bernard*, 267 AD2d 65 [1999]; *Helms v Gangemi*, 265 AD2d 203 [1999]).

It is well settled that in order to vacate its default pursuant to CPLR 5015 a defendant must demonstrate both a reasonable excuse for the failure to appear and a meritorious defense (*see AWL Indus., Inc. v QBE Ins. Corp.*, 65 AD3d 904, 905 [2009]; *Goldman v Cotter*, 10 AD3d 289, 291 [2004]). While law office failure may serve as an acceptable excuse for vacating a default, "bare allegations of incompetence on the part of prior counsel cannot serve as the basis to set aside a [default] pursuant to CPLR 5015" (*Spatz*, 214 AD2d at 436).

Defendants failed to establish a reasonable excuse for their default at the inquest. Their prior attorney's claimed medical reasons for failing to appear were not excusable given that defendants had contested the motion to strike and counsel was aware of the scheduled date of the inquest before he underwent surgery, and yet did not seek an adjournment prior to that date (*see Fuchs v Midali Am. Corp.*, 260 AD2d 318 [1999]; *Teachers Ins. & Annuity Assn. of Am. v Code Beta Group*, 204 AD2d 193 [1994]). Although the court delayed the inquest for several hours to enable substitute counsel to appear on defendants' behalf, neither counsel nor defendants appeared. Moreover, defendants made no attempt to vacate their default until almost a year later when plaintiffs sought to enforce the judgment. "Given this persistent and willful inaction," vacatur of defendants' default is unwarranted (*Pires v Ortiz*, 18 AD3d 263, 264 [2005]; *see Nahar v Awan*, 33 AD3d 680 [2006]). Defendants' claim that they were misled by their prior attorney was properly rejected by the court (*see Chery v Anthony*, 156 AD2d 414 [1989]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Friedman, Nardelli and Catterson, JJ.