■ In the Matter of CARLOS G., a Child Alleged to be Neglected. BERNADETTE M., Appellant; NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [947 NYS2d 468]—

Order (denominated a decision), Family Court, Bronx County (Anne-Marie Jolly, J.), entered on or about August 2, 2011, which denied respondent mother's motion for transfer of the permanency hearing concerning the subject child from the Referee to a judge or, in the alternative, modification of the order of reference to permit the Referee to hear and report, rather than to hear and determine, unanimously affirmed, without costs.

Although the court's ruling was denominated a "decision" and a decision is not an appealable order under CPLR 5512 (a) (see Rodriquez v Chapman-Perry, 63 AD3d 645 [2009]), the

denial of the mother's application was appealable because the prior order of reference affected a substantial right, namely the mother's right to have the proceeding determined by a judge (*see General Elec. Co. v Rabin*, 177 AD2d 354, 356 [1991]). Moreover, the mother is an aggrieved party since she has a direct interest in the neglect proceeding, which will have a binding force on her parental rights to the child.

The record does not reflect that the mother ever provided written consent to the order of reference to the Referee to hear and determine, as required by CPLR 4317 (a). However, the mother implicitly consented to the order of reference in that she actively participated in the proceedings before the Referee, including pursuing two appeals of the Referee's rulings before this Court, without ever challenging the Referee's jurisdiction (*see Matter of Carlos G. [Bernadette M.]*, 84 AD3d 629 [2011]; *Matter of Carlos G. [Bernadette M.]*, 74 AD3d 687 [2010]; *see also Meredith v City of New York*, 61 AD3d 522 [2009]; *Law Offs. of Sanford A. Rubenstein v Shapiro Baines & Saasto*, 269 AD2d 224 [2000], *lv denied* 95 NY2d 757 [2000]).

The child argues that the issue is moot because a permanency hearing has been scheduled before a Family Court Judge on the same day as the permanency hearing for the child's siblings. However, the issue is not moot because the issues giving rise to the instant appeal are not resolved by the scheduling of the permanency hearing on the same day as the permanency hearing concerning the child's siblings. The cases have not been consolidated, and the determination that the mother was not entitled to visit the child was made by a Referee, not by a judge, without the mother's written consent.

The interests of justice and judicial economy do not favor revocation of the reference to permit one judge to resolve all issues concerning one family. The proceeding relating to this child is procedurally more advanced than the cases involving his siblings, and permanency for the child should not be delayed to accommodate later filed proceedings.

We have considered the mother's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Tom, Andrias, Acosta and Freedman, JJ.