Agosto v Western Beef Retail, Inc. (2019 NY Slip Op 06711)





Agosto v Western Beef Retail, Inc.


2019 NY Slip Op 06711


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Sweeny, J.P., Richter, Kapnick, Kern, Singh, JJ.


9871

[*1]Virginia Agosto, Plaintiff-Appellant,
v
Western Beef Retail, Inc., doing business as Western Beef, et al., Defendants-Respondents.


Yadgarov & Associates, PLLC, New York (Ronald S. Ramo of counsel), for appellant.
Rosenbaum & Taylor, P.C., White Plains (Mark E. Jordan-Poinsette of counsel), for respondents.



Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered October 5, 2018, which denied plaintiff's motion pursuant to CPLR 5015 and 22 NYCRR 202.27 to vacate an order of the same court (Fernando Tapia, J.), entered July 26, 2017, dismissing the action after plaintiff failed to appear for a rescheduled compliance conference, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiff's vacatur motion. The record shows that plaintiff's counsel of record was aware that the June 8, 2017 compliance conference had been adjourned before plaintiff failed to appear for the rescheduled compliance conference on July 24, 2017. The representation made by plaintiff's counsel of record that plaintiff's failure to appear for the July 24, 2017 compliance conference was caused by law office failure is insufficient to establish a reasonable excuse for her nonappearance, because he failed to explain how his law firm came to the conclusion that the conference was adjourned at the request of plaintiff's trial counsel (see Pichardo-Garcia v Josephine's Spa Corp., 91 AD3d 413, 413-414 [1st Dept 2012]).
Furthermore, plaintiff does not explain why her vacatur motion was not filed until July 17, 2018, almost a year after the order dismissing the action was entered, despite her counsel of record's claim that trial counsel returned the file about two months after the action was dismissed (see Youni Gems Corp. v Bassco Creations Inc., 70 AD3d 454, 455 [1st Dept 2010], lv dismissed 15 NY3d 863 [2010]). Given plaintiff's persistent and willful inaction, the motion court did not abuse its discretion in finding that it need not decide the issue of whether her action has merit (see Pires v Ortiz, 18 AD3d 263, 264 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK