Hudson City Sav. Bank v Hossain (2020 NY Slip Op 01481)





Hudson City Sav. Bank v Hossain


2020 NY Slip Op 01481


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-10750
 (Index No. 2172/14)

[*1]Hudson City Savings Bank, respondent,
v
Syed A. Hossain, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Stagg, Terenzi, Confusione & Wabnik, LLP, Garden City, NY (Ronald P. Labeck of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Syed A. Hossain appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 26, 2018. The order denied that defendant's motion to vacate an order of reference of the same court entered October 20, 2015, and an order and judgment of foreclosure and sale (one paper) of the same court entered October 21, 2016.
ORDERED that the order entered April 26, 2018, is affirmed, with costs.
The defendant Syed A. Hossain (hereinafter the defendant) executed two notes and two mortgages, a consolidated note, and a consolidation, extension, and modification agreement which consolidated the notes and mortgages to form a single lien in the amount of $360,000. In 2014, the plaintiff commenced this action to foreclose the consolidated mortgage. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order entered March 19, 2015 (hereinafter the 2015 order), the Supreme Court granted the plaintiff's motion and directed the plaintiff to "submit order on notice."
After the plaintiff failed to timely submit a proposed order on notice, the defendant submitted a notice of settlement dated August 11, 2015, and a proposed order of abandonment of motion, which provided, inter alia, that pursuant to Uniform Civil Rules for Supreme Court and County Court (22 NYCRR) § 202.48(b), the plaintiff's motion for summary judgment and an order of reference is deemed abandoned. The plaintiff submitted a counter-proposed order of abandonment of motion, which also provided that the "Plaintiff's motion is deemed abandoned," and a notice of settlement of counter-proposed order dated August 26, 2015, providing notice that the counter-proposed order would be presented for settlement and signature to the Supreme Court on August 31, 2015.
On October 20, 2015, the Supreme Court entered an order of reference appointing a referee to compute the amount due to the plaintiff. In April 2016, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. In [*2]an order and judgment of foreclosure and sale entered October 21, 2016, the court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. At a foreclosure sale held on May 2, 2017, the plaintiff's successor by merger was the successful bidder. A deed transferring title was executed on July 19, 2017.
On February 21, 2018, the defendant moved pursuant to CPLR 5015(a)(3) to vacate the order of reference and pursuant to CPLR 5015(a)(5) to vacate the order and judgment of foreclosure and sale, contending that pursuant to Uniform Civil Rules for Supreme Court and County Court (22 NYCRR) § 202.48, the plaintiff's motion for summary judgment and an order or reference was abandoned. The plaintiff opposed the defendant's motion. In an order entered April 26, 2018, the Supreme Court denied the defendant's motion as barred by the doctrine of law of the case. The defendant appeals.
"It is a well-settled principle that a court has the inherent power to grant a motion to vacate its own judgment for sufficient reason, in furtherance of justice'" (56 Marquis v Mosello, 239 AD2d 544, 544-545, quoting Ladd v Stevenson, 112 NY 325, 332). In providing that a court "may relieve" a litigant from a judgment "upon such terms as may be just," CPLR 5015(a) "makes clear that the motion court's determination to vacate a judgment is a discretionary one" (Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 225-226 [internal quotation marks omitted]). Thus, as the defendant contends, the Supreme Court was not constrained by the doctrine of law of the case to deny his motion to vacate the order of reference and the order and judgment of foreclosure and sale based on the plaintiff's failure to timely settle the 2015 order (see 56 Marquis v Mosello, 239 AD2d at 544).
It is evident from the order appealed from that, in concluding that the defendant's motion was barred by the doctrine of law of the case, the Supreme Court "erroneously perceived that it had no discretion to exercise" (Nash v Port Auth. of N.Y. & N.J., 22 NY3d at 226 [internal quotation marks omitted]). In this situation, rather than remitting the matter to the Supreme Court, this Court, "which possess[es] the authority to review [the] Supreme Court's determination, [may conduct] its own independent analysis of the pertinent facts" (id.). Upon considering " the facts of [this] particular case, the equities affecting each party and others affected by the judgment or order, and the grounds for the requested relief'" (id., quoting 10 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 5015.03), we conclude that the order appealed from should be affirmed, not because of the law of the case, but because, as the plaintiff argues, the relief sought by the defendant is barred by the doctrine of laches.
"The doctrine of laches bars recovery where a party's inaction has prejudiced another party, making it inequitable to permit recovery" (First Nationwide Bank v Calano, 223 AD2d 524, 525). Here, the order of reference, which was issued despite the plaintiff's submission of a counter-proposed order of abandonment of motion with regard to its motion, inter alia, for an order of reference, was entered on October 20, 2015. The order and judgment of foreclosure and sale was entered on October 21, 2016. The defendant filed notices of appeal from the order of reference and the order and judgment of foreclosure and sale, but failed to perfect either appeal. It was not until February 21, 2018—28 months after the entry of the order of reference,16 months after the entry of the order and judgment of foreclosure and sale, and 7 months after the referee's deed transferring title to the plaintiff's successor by merger was executed on July 19, 2017—that the defendant moved to vacate the order of reference and the order and judgment of foreclosure and sale. Under these circumstances, the "combination of inexcusable delay and detriment to other parties requires application of the doctrine of laches" (Amsterdam Sav. Bank v City View Mgt. Corp., 45 NY2d 854, 855-856; see Rodriguez v Mitchell, 81 AD3d 624; Chase Manhattan Mtge. Corp. v Anatian, 22 AD3d 625, 627; Tirelli v Bicknell, 308 AD2d 579; Federal Deposit Ins. Corp. v Kaufman, 273 AD2d 195; First Nationwide Bank v Calano, 223 AD2d at 525).
In light of the foregoing, we need not reach the parties' remaining contentions.
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court