Langomas v City of New York (2021 NY Slip Op 05776)





Langomas v City of New York


2021 NY Slip Op 05776


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 158965/13 Appeal No. 14456 Case No. 2020-04999 

[*1]Junior Langomas, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Law Offices of K.C. Okoli, P.C., New York (K.C. Okoli of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Jamison Davies of counsel), for respondents.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about November 23, 2020, which denied plaintiff's motion to vacate an order of the same court (Alexander M. Tisch, J.), entered on or about January 18, 2018, dismissing the action, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiff's vacatur motion (CPLR 5015[a][1]). The record shows that plaintiff's counsel actually received notice of the March 15, 2017 compliance conference date, because he signed the so-ordered stipulation on November 16, 2016 setting March 15 as the conference date. However, plaintiff's counsel offers no explanation as to why he missed the March 15 compliance conference, and also has failed to establish a reasonable excuse for his nonappearance at any of the later conferences (see Agosto v Western Beef Retail, Inc., 175 AD3d 1192, 1192 [1st Dept 2019]). Furthermore, plaintiff offers no reasonable excuse for why he did not file his vacatur motion until February 2020, more than two years after the order dismissing the action was entered. Given plaintiff's persistent and willful inaction, the motion court did not abuse its discretion in finding that it need not decide the issue of whether the action has merit (see U.S. Bank Trust N.A. v Rivera, 187 AD3d 624, 625 [1st Dept 2020]; Pires v Ortiz, 18 AD3d 263, 264 [1st Dept 2005]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021