Crandall v Equinox Holdings, Inc. (2024 NY Slip Op 00672)

Crandall v Equinox Holdings, Inc.

2024 NY Slip Op 00672

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Oing, J.P., González, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 157373/18 Appeal No. 1630 Case No. 2023-00262 

[*1]Shane Crandall, Plaintiff-Appellant,
v
Equinox Holdings, Inc., Doing Business as Equinox Fitness Club etc., et al., Defendants-Respondents.

Held & Hines, LLP, Brooklyn (Uri Nazryan of counsel), for appellant.
LaRocca Hornik Rosen & Greenberg LLP, New York (David N. Kittredge of counsel), for respondents.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered December 8, 2022, which denied plaintiff's motion to vacate a prior order, same court and Justice, dated September 22, 2022, precluding plaintiff from taking defendants' depositions and requiring the parties to file a note of issue by October 31, 2022, denied plaintiff's motion to vacate the note of issue, and granted defendants' motion to quash four nonparty subpoenas, unanimously affirmed, with costs.
Plaintiff's appeal is not moot because Supreme Court subsequently granted defendants' motion for summary judgment dismissing the complaint, as plaintiff has appealed from that order. However, because the appeal has not yet been perfected, the issue of whether the court correctly awarded summary judgment is not properly before this Court.
Plaintiff failed to demonstrate that the court improvidently exercised its discretion by denying his motion to vacate its September 2022 order precluding plaintiff from deposing defendants (see IO Experience Design LLC v C & A Mktg., Inc., 220 AD3d 444, 444-445 [1st Dept 2023]; Langomas v City of New York, 198 AD3d 534, 535 [1st Dept 2021]). Plaintiff failed to identify any error in the court's reasoning or offer a valid excuse for failing to comply with the court-ordered deadline (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 81 [2010]; Youwanes v Steinbrech, 193 AD3d 492, 492 [1st Dept 2021]). Plaintiff's given excuse of law office failure based on assigned counsel's family leave is unavailing because plaintiff's firm's failure to comply with the deadline was unrelated to the claimed law office failure; counsel simply did not comply and also did not seek an extension (see Goldberg v Breth, 189 AD3d 1368, 1370 [2d Dept 2020]).
For the same reason, Supreme Court properly denied plaintiff's motion to extend the time to file or vacate the note of issue (see O'Berry v Gelco Corp., 128 AD3d 597 [1st Dept 2015]).
The court providently granted defendants' motion to quash the nonparty subpoenas. In addition to the fact that the notices were filed after the court-ordered deadline, plaintiff admitted that the subpoenas sought discovery precluded by this Court in Crandell v Equinox Holdings, Inc. (206 AD3d 552 [1st Dept 2022]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2024