Tao Liu v Sobin Chang (2024 NY Slip Op 02370)

Tao Liu v Sobin Chang

2024 NY Slip Op 02370

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Webber, J.P., Oing, Rodriguez, Higgitt, Michael, JJ. 

Index No. 656209/20 Appeal No. 2205 Case No. 2023-04132 

[*1]Tao Liu, Plaintiff-Respondent,
v
Sobin Chang, Defendant-Appellant.

Kaufmann Gildin & Robbins LLP, New York (Daniel Gildin of counsel), for appellant.
Moulinos & Associates LLC, New York (Daniel Levinas of counsel), for respondent.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered August 14, 2023, which, insofar as appealed from as limited by the briefs, denied defendant's motion to vacate a default judgment, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying defendant's motion, as her moving papers failed to demonstrate a reasonable excuse for the default and a meritorious defense to the action (CPLR 5015[a]; see Liparulo v New York City Health & Hosps. Corp.,193 AD3d 593 [1st Dept 2021], lv dismissed 37 NY3d 1088 [2021]; Kanat v Ochsner, 301 AD2d 456, 457—458 [1st Dept 2003]). Defendant's contention that her counsel neglected the matter does not constitute a reasonable excuse. Defendant, who appeared pro se, did not submit any documentation that she had actually retained counsel, and no notice of appearance was ever filed. In any event, bare allegations of incompetence by counsel cannot serve as the basis to set aside a default under CPLR 5015 (see Youni Gems Corp. v Bassco Creations Inc., 70 AD3d 454, 455 [1st Dept 2010], lv dismissed 15 NY3d 863 [2010]).
We also reject defendant's contention that her default arose from her status as a pro se litigant. Although courts may afford pro selitigants some latitude, those litigants do not acquire greater rights than any other litigants, and defendant repeatedly failed to comply with deadlines and court orders (see Stewart v ARC Dev. LLC, 138 AD3d 413, 414 [1st Dept 2016]).
Because defendant has failed to demonstrate a reasonable excuse for her default, we need not determine whether she has offered a meritorious defense (see Pires v Ortiz, 18 AD3d 263, 264 [1st Dept 2005]). In any event, defendant failed to demonstrate a meritorious defense.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024