HSBC Bank USA, N.A. v Welt (2025 NY Slip Op 06311)

HSBC Bank USA, N.A. v Welt

2025 NY Slip Op 06311

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-00425
 (Index No. 131575/10)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Bruce Welt, et al., defendants; Tov Elul, LLC, nonparty-appellant.

Villanti Law Group, PLLC, Brooklyn, NY (Christopher Villanti of counsel), for nonparty-appellant.
Hinshaw & Culbertson, LLP, New York, NY (Brent M. Reitter and Schuyler B. Kraus of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Tov Elul, LLC, appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated December 22, 2021. The order denied the motion of nonparty Tov Elul, LLC, pursuant to CPLR 5015(a)(4) to vacate an order of the same court dated March 23, 2018, and an order and judgment of foreclosure and sale (one paper) of the same court dated November 14, 2019, to set aside the foreclosure sale of the subject property and vacate a referee's deed, and pursuant to CPLR 3215(c) or 22 NYCRR 202.48 to dismiss the complaint insofar as asserted against the defendant Bruce Welt as abandoned, or, in the alternative, for leave to intervene in the action.
ORDERED that the order dated December 22, 2021, is affirmed, with costs.
The plaintiff commenced this action against the defendant Bruce Welt, among others, to foreclose a mortgage on certain real property located in Staten Island. Welt failed to appear or answer the complaint. In an order dated March 23, 2018 (hereinafter the order of reference), the Supreme Court, inter alia, referred the matter to a referee to compute the amount due to the plaintiff. The court issued an order and judgment of foreclosure and sale dated November 14, 2019. The property was sold at a foreclosure sale on February 6, 2020. In the interim, nonparty Tov Elul, LLC (hereinafter Tov Elul), obtained title to the property by deed dated September 11, 2019, which was not recorded until December 20, 2019.
In or around March 2021, Tov Elul moved pursuant to CPLR 5015(a)(4) to vacate the order of reference and the order and judgment of foreclosure and sale, to set aside the foreclosure sale and vacate the referee's deed, and pursuant to CPLR 3215(c) or 22 NYCRR 202.48 to dismiss the complaint insofar as asserted against Welt as abandoned, or, in the alternative, for leave to intervene in the action. The plaintiff opposed the motion. By order dated December 22, 2021, the Supreme Court denied the motion. Tov Elul appeals.
Pursuant to CPLR 1018, "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is [*2]transferred to be substituted or joined in the action" (Wells Fargo Bank, NA v McKenzie, 183 AD3d 574, 575 [internal quotation marks omitted]). Here, contrary to the plaintiff's contention, Tov Elul, as the owner of the property and the successor-in-interest to Welt, could defend the action in the absence of formal substitution or joinder (see CPLR 1018; see generally Bello v Losner, 132 AD3d 794, 795; Central Fed. Sav. v 405 W. 45th St., 242 AD2d 512, 512).
Nevertheless, in support of its motion, Tov Elul failed to establish entitlement to vacatur of the order of reference or the judgment of foreclosure and sale. CPLR 5015(a)(4) provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just" upon the ground of "lack of jurisdiction to render the judgment or order." Additionally, it is a well-settled principle that a court has the inherent power to grant a motion to vacate its own judgment for sufficient reason, in furtherance of justice (see Hudson City Sav. Bank v Hossain, 181 AD3d 572, 574; 56 Marquis v Mosello, 239 AD2d 544, 544-545). In providing that a court "may relieve" a litigant from a judgment "upon such terms as may be just," CPLR 5015(a) "makes clear that the motion court's determination to vacate a judgment is a discretionary one" (Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 225-226 [internal quotation marks omitted]; see Hudson City Sav. Bank v Hossain, 181 AD3d at 574).
"[I]n the context of an action to foreclose a mortgage, a defendant that appears in the action is 'entitled to service of all papers in the action, including the report of the Referee, the judgment of foreclosure and sale and the notice of sale'" (21st Mtge. Corp. v Raghu, 197 AD3d 1212, 1216, quoting Pol-Tek Indus. v Panzarella, 227 AD2d 992, 992). By contrast, however, a defendant that fails to appear in the action within the meaning of CPLR 320(a), without more, is "not entitled to service of additional papers in the action" (NYCTL-1 Trust v Liberty Bay Realty Corp., 21 AD3d 1013, 1014; see CPLR 2103[e]). Here, since Welt defaulted in appearing in the action, any failure to serve him with notice of prior motions did not deprive the Supreme Court of jurisdiction to enter the order of reference or the order and judgment of foreclosure and sale, or warrant vacatur pursuant to CPLR 5015(a) (see Deutsche Bank Natl. Trust Co. v Kornblum, 240 AD3d 473, 474; 21st Mtge. Corp. v Raghu, 197 AD3d 1212).
Under the circumstances, that branch of Tov Elul's motion which was for leave to intervene in the action was untimely and the Supreme Court providently exercised its discretion in denying Tov Elul leave to intervene (see Wilmington Sav. Fund Socy., FSB v Smalls, 228 AD3d 705; 1077 Madison St., LLC v Dickerson, 197 AD3d 446, 447). Additionally, absent vacatur of the order and judgment of foreclosure and sale, affirmative relief pursuant to CPLR 3215(c) was unavailable (see Bank of N.Y. v Ilonzeh, 203 AD3d 1119, 1121; Citimortgage, Inc. v Behrman, 189 AD3d 1159, 1161; Ditech Fin., LLC v Rizzo, 175 AD3d 1243, 1245).
Tov Elul also failed to establish its entitlement to set aside the foreclosure sale and vacate the referee's deed. "Parties to an action involving the sale of real property pursuant to a judgment, who have appeared in the action and have not waived service, are entitled to have served upon them, pursuant to CPLR 2103, all papers in the action, including a notice of sale" (Wells Fargo Bank, N.A. v Ramphal, 172 AD3d 1280, 1281). CPLR 2003 authorizes a court to set aside a judicial sale within one year "for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect" (Guardian Loan Co. v Early, 47 NY2d 515, 520 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Caputo, 204 AD3d 725, 726). Similarly, RPAPL 231(6) provides that "[a]t any time within one year after the sale, but not thereafter, the court, upon such terms as may be just, may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect" (see U.S. Bank Trust, N.A. v Caputo, 204 AD3d at 726-727; Wells Fargo Bank, N.A. v Ramphal, 172 AD3d at 1281). In this case, Tov Elul was not a party to the action and therefore was not entitled to relief from the sale under CPLR 2103 or RPAPL 231(6). Furthermore, Tov Elul failed to demonstrate that the sale of the property was the product of fraud, collusion, mistake, or misconduct (see Wells Fargo Bank, N.A. v Ramphal, 172 AD3d at 1282).
Tov Elul's remaining contention is without merit.
Accordingly, the Supreme Court providently exercised its discretion in denying Tov Elul's motion pursuant to CPLR 5015(a)(4) to vacate the order of reference and the order and judgment of foreclosure and sale, to set aside the foreclosure sale of the subject property and vacate the referee's deed, and pursuant to CPLR 3215(c) or 22 NYCRR 202.48 to dismiss the complaint insofar as asserted against Welt as abandoned, or, in the alternative, for leave to intervene in the action.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court