Deutsche Bank Natl. Trust Co. v Hulse (2025 NY Slip Op 25252)

[*1]

Deutsche Bank Natl. Trust Co. v Hulse

2025 NY Slip Op 25252

Decided on November 25, 2025

Supreme Court, Suffolk County

Hackeling, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on November 25, 2025
Supreme Court, Suffolk County

Deutsche Bank National Trust Company, AS TRUSTEE FOR HSI ASSET SECURITIZATION CORPORATION 
 TRUST 2006-OPT2, MORTGAGE-PASS-THROUGH CERTIFICATES, SERIES 2006-OPT2, Plaintiff,

against
Debra Ann Lobasso Hulse a/k/a DEBRA LOBASSO HULSE a/k/a DEBRA A. LOBASSO a/k/a DEBRA ANN LOBASSO a/k/a DEBRA ANN HULSE a/k/a DEBRA HULSE; WAYNE L. HULSE a/k/a WAYNE HULSE; CAPITAL ONE BANK USA NA; FIA CARD SERVICES NA f/k/a BANK OF AMERICA NA; REDDAN SURVEYING INC.; RIVERHEAD AUTO MALL LTD; HENRY L. LUCANDER; TOWN SUPERVISOR TOWN OF BROOKHAVEN; UNITED STATES OF AMERICA o/b/o INTERNAL REVENUE SERVICE; JOHN BLANCO; EILEEN BLANCO; CLERK OF THE SUFFOLK COUNTY TRAFFIC & PARKING VIOLATIONS AGENCY; SIDARAS CONCRETE LTD., Defendant(s).

Index No. 608038/2023

Plaintiff's counsel: Hinshaw & Culbertson LLP, 800 Third Avenue, 13th Floor, New, New York 10022
Defendant's counsel: Peter D. Tamsen, P.C., 260 Montauk Highway, Suite 14, Bay Shore, New York 11706

C. Stephen Hackeling, J.

UPON the reading and filing of the Order to Show Cause with Temporary Restraining Order filed by defendants Debra Ann Lobasso Hulse and Wayne L. Hulse (collectively "Defendants") filed on October 7, 2025 (NYSCEF Doc. Nos. 104-121); and plaintiff's opposition filed on October 20, 2025 (NYSCEF Doc. No. 126); and upon the hearing conducted before the Hon. C. Stephen Hackeling, J.S.C on October 22, 2025; it is
ORDERED that defendants' Order to Show Cause seeking a stay and other relief (Mot. Seq. No. 003) is denied in its entirety; and it is further
ORDERED that plaintiff and referee in foreclosure are directed to forthwith proceed to [*2]sale of the subject premises with any and all time restrictions imposed by RPAPL § 1351 extended for six months from the date hereof; and it is further
ORDERED that a copy of this Order with Notice of Entry should be served upon all parties entitled to notice.
 DECISION
Debra Ann Lobasso Hulse a/k/a Debra Lobasso Hulse a/k/a Debra A. Lobasso a/k/a Debra Ann Lobasso a/k/a Debra Ann Hulse a/k/a Debra Hulse and Wayne L. Hulse a/k/a Wane Hulse ("Defendants"), by their counsel, filed a verified answer to the above-captioned complaint on July 17, 2023 [NYSCEF Doc. No. 47], asserting general denials and 12 affirmative defenses. The verified answer did not include a statute of limitations affirmative defense.
Summary judgment was granted to plaintiff on September 6, 2024, and a final Judgment of Foreclosure and Sale was granted on January 2, 2025, and entered March 10, 2025, with Notice of Entry. The judgment of foreclosure and sale was not appealed, and it became a final order on April 9, 2025 - long before defendants filed the Order to Show Cause dated October 7, 2025 (mot. seq. no. 003). The Order to Show Cause stayed the fourth scheduled foreclosure sale.
Defendants asserted during oral argument that the recently enacted Foreclosure Abuse Prevention Act (hereafter "FAPA") allows for a Statute of Limitations challenge even if such a defense was never raised as a joined issue and even at this late date. Section 10 of FAPA provides: "This act shall take effect immediately and shall apply to all actions . . . in which a final Judgment of Foreclosure and Sale has not been enforced."
Such a judicial statutory construction of FAPA espoused by defendants is in direct contradiction of CPLR §§3018(b) and 3211(e) which provide that § 3211(a)(5) statute of limitations defense is "waived unless raised . . . in the responsive pleading" Emigrant v McDonald, 197 AD3d 453 (2d Dept. 2021). By not amending § 3211(e)'s waiver provision within FAPA it can only be statutorily construed that § 10 only applies to cases where a waiver is not established. The fundamental underpinning of New York Civil Practice jurisprudence is that Courts only resolve issues that have been joined in the pleadings. In construing new enactments relating to general provisions of settled law it is assumed that later enactments are intended to fit into previously existing laws and policy. See Statutes, § 223 (McKinney's Vol. #1) with annotations citing to Matter of Estate of Rademaker, 166 Misc. 201, 206, 2 N.Y.S.2d 309, 314 (Sur Ct, Kings County 1938). See also Statutes § 221 citing to Islip v Powell, 78 Misc 2d 1007 (Sup Ct, Suffolk County 1974). 
Additionally, the New York legislature formally ratified the common law doctrines of final judgment, res judicata and collateral estoppel in § 58 of the Statutes law which provides: "A judgment after it becomes final, may not be affected by subsequent legislation." A judgment . . . after the exhaustion of all avenues of review by appeal . . . may not be affected by subsequent legislation. See People ex rel. H.D.H. Realty Co. v Murphy, 194 A.D. 530 (1st Dept. 1920) affd 230 NY 654 (1921). Again, FAPA as a coequal subsequent statute must be construed in a manner which is consistent with Statutes law § 58. 
Putting aside the CPLR and Statutes arguments, this Court has previously opined that the retroactive application of § 10 as to "final orders" is unconstitutional under the United States and New York constitutions. See Wilmington Trust, N.A. v Gawlowski, 81 Misc 3d 683, 692 (Sup Ct, Suffolk County 2023) and the numerous appellate cases and authorities cited therein which hold that the final order/res judicata doctrines establish a "vested right" constitutional bar to retroactive application of FAPA in such instances. The Court notes that the Second Department Appellate Division has opined in a post FAPA decision that the failure of a foreclosure defendant to move pursuant to CPLR § 5015 to vacate a final order precludes the last-minute raising of a statute of limitations defense. Wells Fargo Bank, N.A. v Dubarry, 230 AD3d 1187 (2d Dept. 2024).
Lastly, defendants' actions have created much of the delay in the prosecution of the three foreclosure actions involving these parties commencing in 2008. This delay resulted in plaintiff advancing 17 years of tax and insurance payments and is sufficient to trigger this Court's equitable powers to declare that defendants are barred by the laches' doctrine from obtaining relief, especially relief that is equitable in nature. Under this factual scenario, the Court is not constrained to deviate from the law of the case doctrine and dismiss this case. See generally U.S. Bank Trust, N.A. v Longo, 227 AD3d 1122 (2d Dept. 2024); Hudson City Savings Bank v Hossain, 181 AD3d 572 (2d Dept. 2020). See also Deutsche Bank Nat. Trust v Fales, 83 Misc 3d 1223(A) (Sup Ct, Suffolk County 2022).
Accordingly, defendants' application to stay the foreclosure sale and to dismiss plaintiff's complaint is denied.
Dated: November 25, 2025
HON. C. STEPHEN HACKELING, J.S.C.