Wells Fargo Bank, N.A. v Hayden (2026 NY Slip Op 00110)

Wells Fargo Bank, N.A. v Hayden

2026 NY Slip Op 00110

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Kern, J.P., Kennedy, Higgitt, O'Neill Levy, Chan, JJ. 

Index No. 100036/09|Appeal No. 5556|Case No. 2024-05953|

[*1]Wells Fargo Bank, N.A., Respondent,
vCarol Hayden, Appellant, Board of Managers of the Ruppert Yorkville Towers Condominium et al., Defendants.

The Law Office of Ronald D. Weiss, P.C., Melville (Ronald D. Weiss of counsel), for appellant.
Stradley Ronon Stevens & Young, LLP, New York (Ellen B. Unger of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered July 12, 2024, which, to the extent appealed from as limited by the briefs, denied defendant's motion to vacate the judgment of foreclosure and sale entered November 19, 2019, and the order of reference entered on or about June 9, 2010, and to amend her answer, unanimously affirmed, without costs.
The court properly denied defendant's motion to the extent it sought relief under CPLR 5015(a)(2). On April 15, 2024, defendant moved to vacate the November 15, 2019 judgment of foreclosure and sale, which itself was a resettlement of a 2016 judgment of foreclosure and sale, and the 2010 order of reference. Defendant's motion relied on evidence that plaintiff's predecessor in interest assigned plaintiff the note and mortgage on January 5, 2009, three days after plaintiff brought this action, and the fact of the Legislature's enactment of RPAPL 1302-a in December 2019. Defendant suggests that she did not learn of the date of the assignment until after, under the pre-2019 law, she was deemed to have waived her standing defense. However, the record establishes that defendant learned of the date of the assignment years before the resettled judgment. The court therefore correctly determined that defendant's motion was not grounded upon "newly-discovered evidence" as required by CPLR 5015(a)(2). In any event, even assuming that defendant has identified new evidence, in light of the significant and inexcusable delay in moving, we find that the relief requested is barred by the doctrine of laches (see Hudson City Sav. Bank v Hossain, 181 AD3d 572, 574-575 [2d Dept 2020]).
The court also properly denied defendant's motion to the extent premised on CPLR 5015(a)(3). Initially, we find that defendant did not make her motion within a reasonable time (see Bank of N.Y. v Stradford, 55 AD3d 765, 765 [2d Dept 2008]). In any event, as to whether defendant presented evidence of fraud (see Wells Fargo Bank Minn., N.A. v Coletta, 153 AD3d 757, 758 [2d Dept 2017]), she identified no evidence in the record supporting her contention that she did not default on the mortgage loan until after the complaint was filed or that plaintiff was aware that she had not defaulted. Nor did defendant establish the knowing falsity of plaintiff's statement in its January 2, 2009 complaint that it possessed the note and mortgage. We note that plaintiff could have acquired the note and mortgage earlier (see Wells Fargo Bank, N.A. v Marchione, 69 AD3d 204, 210 [2d Dept 2009]), and plaintiff still needed to affirmatively establish its possession of the note and mortgage when it obtained summary judgment.
Otherwise, defendant did not establish any other basis for the court to vacate in the interest of substantial justice. Defendant presented no evidence of surprise (see Colletta at 758). Defendant's evidence of mistake, inadvertence, or neglect only concerned the 2010 order of reference. Given the 14 years between the 2010 order and her motion to vacate, the court was entitled to decline to exercise its discretion to vacate the order of reference on those bases (see Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 884, 885 [2d Dept 2011], lv dismissed in part, denied in part 17 NY3d 847 [2011]). Defendant did not present evidence of mistake, inadvertence, or neglect in connection with the 2019 judgment of foreclosure and sale.
In light of the foregoing, the motion court properly denied the branch of defendant's motion to amend her answer to include the affirmative defense of standing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026